OPINION
{¶ 1} Elmer C. Doran appeals from the trial court's entry of summary judgment against him on his twenty-five count complaint in which he alleged that appellee Northmont Board of Education had committed numerous violations of R.C. 121.22, Ohio's Sunshine Law.
 {¶ 2} Doran advances three assignments of error on appeal. First, he contends the trial court erred in failing to issue an injunction and to award civil forfeiture penalties for each alleged violation of the Sunshine Law. Second, he claims the trial court erred in failing to invalidate actions taken by the Board in meetings allegedly held in violation of the Sunshine Law. Third, he asserts that the trial court erred in failing to award him a civil forfeiture penalty, court costs, and attorney fees.
 {¶ 3} Upon review, we find only one violation of R.C. 121.22. Given that the trial court previously had issued an injunction and awarded a civil forfeiture penalty for this violation, it properly declined to grant additional relief. We also find no error in the trial court's failure to invalidate actions taken by the Board, as the public received sufficient notice of the meetings at issue. Finally, given that the trial court properly entered summary judgment against Doran, it did not err in failing to award him a civil forfeiture penalty, court costs, and attorney fees. Accordingly, we will affirm the judgment of the Montgomery County Common Pleas Court.
 I. {¶ 4} The present action is Doran's most recent attempt to remedy alleged violations of the Sunshine Law. In Doran v. Northmont Bd. ofEdn., 147 Ohio App.3d 268, 2002-Ohio-386 ("Doran I"), we held that the Board had violated R.C. 121.22(F) by failing to establish, by rule, a reasonable method of informing the public of the time, place, and purpose of its meetings. Despite this "technical" violation of the statute, we declined Doran's invitation to invoke R.C. 121.22(H) to invalidate actions taken by the Board at a meeting held on July 29, 1998. In so doing, we noted that the purpose of R.C. 121.22(H) was to invalidate actions taken when the public had received insufficient notice of a meeting. We then observed that Doran and other members of the public had received sufficient notice of the meeting at issue, despite the Board's failure to adopt a formal rule requiring such notice. See Doran I,
supra, at 270-272.
 {¶ 5} Following our finding of a technical violation of R.C.121.22(F) in Doran I, the trial court on remand issued a statutory injunction under R.C. 121.22(I)(1) and ordered the Board to pay a $500 statutory civil forfeiture, court costs, and reasonable attorney fees. InDoran v. Northmont Bd. of Edn., 153 Ohio App.3d 499, 2003-Ohio-4084
("Doran II"), we held that the trial court properly had issued the statutory injunction to enjoin the Board from committing future violations of R.C. 121.22(F). We reached this conclusion despite the fact that, prior to the issuance of the injunction, the Board had enacted a public-notice rule remedying the technical violation found in Doran I. In so ruling, we noted that the injunction was statutorily mandated upon the finding of a violation.
 {¶ 6} Prior to our finding a violation of the Sunshine Law in DoranI and the trial court's issuance of its injunction, Doran commenced the present action on July 18, 2001, asserting twenty-five additional violations of R.C. 121.22. In counts one through fifteen of his complaint, he argued, as in Doran I, that the Board had violated R.C.121.22(F) by failing to establish, by rule, a reasonable method of informing the public of the time, place, and purpose of its meetings. While the claim in Doran I stemmed from a meeting held on July 29, 1998, the first fifteen counts in this case involved Board meetings held on other days. In counts sixteen through twenty of his complaint, Doran alleged that the Board had "violated" R.C. 121.22(A), which states that the Sunshine Law "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law." According to Doran, the Board had violated R.C. 121.22(A) by holding meetings on various days in the absence of the public-notice rule required by R.C. 121.22(F) and discussed above. Finally, in counts twenty-one through twenty-five of his complaint, Doran alleged that the Board had "violated" R.C. 121.22(C), which provides that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." Doran's complaint alleged that the Board had violated this provision by conducting various meetings in the absence of the public-notice rule required by R.C. 121.22(F).
 {¶ 7} In a January 15, 2003, decision, a magistrate entered summary judgment for the Board, finding Doran not entitled to a statutory injunction or a statutory civil forfeiture penalty, and declining to invalidate Board actions taken at the meetings in question. In support, the magistrate noted the existence of an injunction and a $500 civil forfeiture in Doran I, reasoned that the present case involved the same issue with different dates, and observed that the public had attended the relevant meetings and the Board had since adopted an adequate public-notice rule in compliance with R.C. 121.22(F).
 {¶ 8} The trial court later overruled Doran's objections to the magistrate's decision. In a June 2, 2003, ruling, the trial court rejected Doran's argument that the Board had violated R.C. 121.22(F) each time it held a meeting without having the requisite public-notice rule in place. In particular, the trial court reasoned: "* * * [I]t was the Board's failure to establish a rule, not the meetings that were conducted, which violated R.C. 121.22(F). There was only one violation — the Board's failure to establish a rule in compliance with O.R.C. § 121.22(F) — and this Court has already imposed the required statutory penalties for this violation." The trial court then modified the magistrate's decision, deleting language ordering the Board to direct local newspapers to publish meeting announcements, and adopted the magistrate's decision, as modified. This timely appeal followed.
 II. {¶ 9} In his first assignment of error, Doran contends the trial court erred in failing to issue an injunction and to award $500 civil forfeiture penalties for each violation of the Sunshine Law alleged in his complaint. In response, the Board argues that the trial court properly declined to order such relief because there was only one violation of the Sunshine Law and the trial court remedied it following our decision in Doran I.
 {¶ 10} The crux of Doran's argument is that the Sunshine Law requires Board meetings to be "open meetings," and that any meeting held prior to the Board's adoption of the public-notice rule required by R.C. § 121.22(F) by definition was not an "open meeting." Therefore, Doran reasons that each such meeting constituted a separate violation of the Sunshine Law, entitling him to a statutory injunction and a $500 civil forfeiture each time the Board met without having adopted a formal rule establishing a reasonable method of informing the public of the time, place, and purpose of its meetings. Conversely, the Board argues that each of the meetings mentioned in Doran's complaint was an "open meeting," notwithstanding the fact that it may have conducted the meetings without having in place a proper public-notice rule as required by R.C. §121.22(F). Thus, the Board insists that its only violation of the Sunshine Law was its technical failure to establish, by rule, a reasonable method of notifying the public of its meetings. Given that the trial court previously had remedied this violation by issuing a statutory injunction and awarding Doran a $500 civil forfeiture penalty, the Board insists that no additional relief was warranted.
 {¶ 11} Upon review, we find the Board's argument to be persuasive. Doran's first assignment of error rests on the premise that the Sunshine Law requires "open meetings" and that a meeting is not an "open meeting" if, at the time of the meeting, the Board is not in compliance with R.C. § 121.22(F).[1] Indeed, Doran reasons, without citation to any legal authority: "If a meeting is conducted without [the public-notice rule required by R.C. § 121.22(F)] having been adopted or in contravention of such rule, then for purposes of the statute, the meeting is not an `open meeting.' It is the rule required to be adopted by the public body for providing the public with notice of all meetings that establishes the criteria for deciding whether a meeting is an `open meeting.'" (Appellant's brief at 3). Elsewhere in his brief, Doran characterizes a meeting held in the absence of a valid public-notice rule as a "secret" meeting in violation of the Sunshine Law. (Id. at 6).
 {¶ 12} Having reviewed R.C. § 121.22, we do not agree that the Board violated the statute by failing to hold an "open meeting" each time it met without having adopted the public-notice rule discussed above. Although the phrase "open meeting" is not defined in the Sunshine Law, R.C. § 121.22(H) makes clear that it is possible to conduct an "open meeting" while in violation of the public-notice requirement of R.C. § 121.22(F). Indeed, the last sentence of R.C. § 121.22(H) states: "A resolution, rule, or formal action adopted in an open meeting
is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section." (Emphasis added). This sentence demonstrates that a public body may be in violation of division (F) and still conduct "open meetings." Thus, we reject Doran's argument that the Board's violation of division (F) rendered all of its meetings "secret" or "closed."
 {¶ 13} In our view, Doran confuses the open-meeting and public-notice requirements of R.C. § 121.22. As noted above, R.C. § 121.22(A) provides that the Sunshine Law "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law." Likewise, R.C. § 121.22(C) provides that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." Although Doran's complaint alleged that the Board had "violated" both R.C. §121.22(A) and R.C. § 121.22(C), nothing in the record suggests that the meetings at issue were anything other than "open meetings," freely attended by Doran and other members of the public, with notice of the meetings given to local newspapers.[2]
 {¶ 14} The only other portion of the Sunshine Law allegedly violated by the Board is R.C. § 121.22(F), which requires the adoption of a rule pertaining to notice of open meetings. For present purposes, the Board does not dispute that it violated the first sentence of R.C. § 121.22(F) by failing, by rule, to establish a reasonable method of giving the public notice of the time, place, and purpose of its meetings. We agree with the trial court's determination, however, that the Board's failure to adopt such rule constituted a single violation of the Sunshine Law, regardless of how long it lacked the rule or how many "open meetings" it conducted in the absence of a formal public-notice rule. As the trial court correctly observed, "it was the Board's failure to establish a rule, not the meetings that were conducted, which violated O.R.C. § 121.22(F)." Given that the trial court previously had imposed the required sanctions for this violation, Doran was not entitled to additional statutory injunctions or civil forfeiture penalties.[3]
Accordingly, we overrule his first assignment of error.
 III. {¶ 15} In his second assignment of error, Doran claims the trial court erred in failing to invalidate actions taken by the Board at meetings held in violation of the Sunshine Law.
 {¶ 16} Like the first assignment of error, this argument involves the Board's failure, at the times mentioned in Doran's complaint, to have established, by rule, a reasonable method of informing the public of the time, place, and purpose of its meetings. In particular, Doran contends that when the Board held the meetings identified in his complaint, it did not yet have in place the public-notice rule required by R.C. §121.22(F). He then cites R.C. § 121.22(H), which provides that "[a] resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section." Because the Board had not yet complied with R.C. § 121.22(F) when it held its meetings, Doran reasons that R.C. § 121.22(H) mandated invalidation of the Board's actions.
 {¶ 17} We rejected an identical argument in Doran I when addressing Board actions taken at a meeting on July 29, 1998. In that case, we noted the "technical" violation of R.C. § 121.22(F) but reasoned:
 {¶ 18} "By affidavit of the treasurer, Sandra Harris, the board submitted that it routinely notifies the Dayton Daily News and theEnglewood Independent at least twenty-four hours prior to every special meeting. While there is no rule establishing this, it is the board's practice. Technically, this is a violation of R.C. § 121.22(F), which would require invalidation of the action taken at the meeting pursuant to R.C. § 121.22(H). However, some courts have found that actions taken by a board are not invalid simply because the board has not established, by rule, a reasonable method of informing the public of the time, place, and purpose of such meetings. Hoops v. Jerusalem Twp. Bd. of Trustees
(Apr. 10, 1998), Lucas App. No. L-97-1240, 1998 WL 172819, at 4; Barbeckv. Twinsburg Twp. (1992), 73 Ohio App.3d 587, 594-95, 597 N.E.2d 1204. We agree with these courts. Instead, the purpose of R.C. § 121.22(H) is to invalidate those actions taken by a board where insufficient notice was given to the public regarding the meeting. In this case, 95 visitors were present at the July 29, 1998, meeting, including Doran. There is no evidence in the record that insufficient notice was given. Therefore, any action taken at that meeting should not be disturbed." Doran I, supra, at 271-272.
 {¶ 19} On appeal in the present case, Doran does not dispute that the Board provided the media with notice of the meetings in question. Nor does he dispute that he and other members of the public actually attended the meetings. As in Doran I, his argument is that actual attendance by members of the public does not insulate Board action from invalidation under R.C. § 121.22(H) when the Board met without having in place the formal public-notice rule required by R.C. § 121.22(F). We reject this argument for the reasons set forth in Doran I, and we overrule Doran's second assignment of error.
 IV. {¶ 20} In his third assignment of error, Doran asserts that the trial court erred in failing to award him a civil forfeiture penalty, court costs, and attorney fees. In support of this argument, Doran cites R.C. § 121.22(I)(2)(a), which provides: "If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction * * *, reasonable attorney's fees."
 {¶ 21} For the reasons set forth in our analysis of Doran's first assignment of error, we conclude that the trial court properly declined to issue an injunction in this case. As a result, Doran was not entitled to a civil forfeiture, court costs, or attorney fees under R.C. §121.22(I)(2)(a). Accordingly, we overrule this assignment of error.
 V. {¶ 22} Having overruled Doran's three assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court.
FAIN, P.J., and WOLFF, J., concur.
[1] In relevant part, R.C. § 121.22(F) provides: "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings." For present purposes, the Board does not dispute that it lacked such a rule at the time of the meetings cited in Doran's complaint.
[2] In contrast to "open meetings," which may be either "regularly scheduled" meetings or "special" meetings, the only other type of meeting contemplated by R.C. § 121.22 is an executive session. Doran does not argue that the Board's meetings constituted executive sessions.
[3] In opposition to this conclusion, Doran cites Manogg v. Stickle
(March 15, 1999), Licking App. No. 98CA00102. In that case, the appellate court affirmed the issuance of two injunctions and the imposition of two civil forfeiture penalties for separate violations of the Sunshine Law. The violations in that case, however, involved township trustees preventing persons attending two meetings from knowing what business was being conducted at the meetings. In Manogg, the appellate court found two violations of the Sunshine Law because the violations involved actions taken by township trustees at two separate meetings. In the present case, however, the Board violated R.C. § 121.22(F) by failing to establish a required rule, not by meeting in the absence of the rule. Thus, unlike Manogg, we find only one violation of the Sunshine Law, regardless of how many meetings the Board conducted.