OPINION
{¶ 1} Appellant, Denise Weisbarth, appeals from the judgment entry of the Geauga County Court of Common Pleas denying and striking her motion for "Proposed Injunction and Application for Attorneys Fees" from the record. For the reasons discussed herein, we affirm in part, reverse in part, and remand the matter for further proceedings. *Page 2 
 {¶ 2} The underlying action was initiated on January 11, 2006, when appellant filed a complaint alleging appellee had repeatedly violated Ohio's Sunshine Law, R.C. 121.22. Her complaint sought statutory damages, injunctive relief, court costs, attorney fees, and other relief. On May 11, 2006, appellant moved for partial summary judgment on the sole issue of whether appellee's official meeting minutes from its February 10, 2004 meeting complied with the requirements of R.C.121.22(G)(1). Appellant's motion alleged appellee failed to specify, in its minutes, why it went into "executive session." On July 12, 2006, the trial court awarded partial summary judgment in appellant's favor, concluding appellee's February 10, 2004 meeting did not adequately comply with Ohio's Sunshine Law when it failed to provide the aforementioned specificity regarding the "executive session."
 {¶ 3} As a result of the trial court's July 12, 2006 judgment, on October 27, 2006, appellant filed a motion for summary judgment seeking a similar ruling on nineteen additional meetings occurring between March of 2004 and October of 2005, in which appellee allegedly failed to comply with R.C. 121.22. In this motion, appellant sought an injunction, $10,000 in civil forfeiture monies, and reasonable attorney's fees.[1]
In response, appellee argued that, pursuant to the statute, appellant is entitled to only one $500 civil forfeiture per injunction issued and therefore her asserted entitlement to $10,000 was contrary to law. *Page 3 
 {¶ 4} On January 31, 2007, the trial court granted appellant's motion for summary judgment; however, the court rejected appellant's claim for a $10,000 civil forfeiture. In accord with appellee's argument, the court stated:
 {¶ 5} "The plain statutory language permits only one $500 civil forfeiture per injunction issued. The Open Meetings Act states that if a court finds a violation, as it has here, it `shall issue an injunction to compel the members of the public body to comply with its provisions.' R.C. 121.22(I)(1) (emphasis added). And, if a court `issues an injunction' under the section, it `shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction[.]' R.C. 121.11(I)(2)(a). [Emphasis added]."
 {¶ 6} The foregoing judgment entry dispensed with appellant's claim for injunction, civil forfeiture, and court costs, but failed to address appellant's prayer for attorney's fees. Accordingly, on February 22, 2007, appellant filed a motion for "Proposed Injunction and Application for Attorney Fees." In its motion, appellant argued she was entitled to an injunction compelling appellee to amend its meeting minutes to comply with R.C. 121.22; further, appellant contended "[t]he Court's prior orders also leave unresolved Plaintiff's prayer for attorney fees as provided by statute. The undersigned proposes to present an affidavit concerning the amount of time spent on this matter. The undersigned proposes that the defense counsel's hourly rate to [appellee] be used as the basis of computation."
 {¶ 7} On March 29, 2007, appellee responded to appellant's motion arguing the trial court's January 31, 2007 entry was a final judgment entry that disposed of all *Page 4 
issues. Appellee pointed out that the trial court had previously addressed and rejected appellant's argument seeking the court to compel appellee to amend the minutes from the subject meeting(s). With respect to the issue of attorney's fees, appellee offered the following narrative:
 {¶ 8} "Subsequent to the Court's ruling on Plaintiff's Motion for Partial Summary Judgment, the Court held a status conference. At that conference, counsel for the parties and Judge Fuhry discussed the remainder of the case. At that point, Plaintiff's counsel believed she was entitled to a civil forfeiture of $500 for each meeting during which the Park Board used the defective script for entering executive session. Counsel for Defendant argued that only one civil forfeiture was available because there was only one substantive mistake, and that Plaintiff could also recover any attorney fees she incurred in the case. Kevin Powers, counsel for Plaintiff, then informed the Court that Plaintiff had incurred no attorney fees because he (Powers) was a full-time employee of the Union which represents certain employees of the Park District and that the representation was free to Plaintiff. Mr. Powers went on to argue that limiting Plaintiff's monetary relief to $500 (because no attorney fees were incurred or charged) would discourage citizens from filing claims under the Open Meetings Act. The parties and the Court agreed that the only substantive issue remaining for decision was whether Plaintiff could `stack' the civil forfeiture provision of R.C. [Section] 121.22(I)(2)(a)."
 {¶ 9} The record contains no evidence of the parties' discussions or representations during the status conference identified in appellee's response memorandum. Nonetheless, on April 4, 2007, the trial court overruled appellant's *Page 5 
motion for "Proposed Injunction and Application for Attorney Fees." The court determined it had "issued it's [sic] final judgment in this case on January 31, 2007. The Court has ruled on all matters properly before it and has closed the case file on this matter." The court then struck appellant's motion from the record without explicitly addressing appellant's prima facie statutory entitlement to attorney's fees.
 {¶ 10} It is from this judgment appellant now appeals, asserting two assignments of error for our review.[2] We shall address appellant's contentions out of order.
 {¶ 11} Under her second assigned error, appellant queries:
 {¶ 12} "Whether the trial court awarded plaintiff all the relief she is entitled to[?]"
 {¶ 13} Unless a matter is specifically excepted, Ohio's Sunshine Law directs public officials, "* * * to take official action and to conduct all deliberations upon official business only in open meetings * * *." R.C. 121.22(A). To demonstrate a violation of R.C. 121.22, a complainant must show that, "* * * a resolution, rule or formal action of some kind * * *" was adopted by a public body at a meeting which was not open to the public. Holeski v. Lawrence (1993), 85 Ohio App.3d 824, 829.
 {¶ 14} If a party is able to demonstrate a violation, the court shall enjoin the public body from engaging in the prohibited action; moreover, pursuant to R.C. 121.22(I)(2)(a), the complaining party is entitled to several remedies. The statue specifically states: *Page 6 
 {¶ 15} "If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, in its discretion, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following:
 {¶ 16} "(i) That, based on the ordinary application of the statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;
 {¶ 17} "(ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct."
 {¶ 18} Appellant initially argues the trial court erred in failing to award her reasonable attorney's fees as mandated by R.C.121.22(I)(2)(a). We agree.
 {¶ 19} In her complaint, appellant alleged appellee did not meet its statutory obligation under R.C. 121.22(G), requiring it to adequately specify its specific purpose for entering executive session.[3] After reviewing the evidence, the trial court determined *Page 7 
appellant produced adequate evidence to demonstrate the inadequacy of appellee's meeting minutes and therefore enjoined appellee from any future omissions. Because appellant was awarded an injunction pursuant to R.C. 121.22(I)(1), she was entitled to all additional remedies set forth under R.C. 121.22(I)(2), i.e., a $500 civil forfeiture, court costs, and reasonable attorney's fees. The remedies are not permissive, but statutorily prescribed. Hence, upon successfully moving for an injunction under R.C. 121.22(I)(1), a party has a statutory right to the remaining remedies.
 {¶ 20} After awarding the injunction, the court ordered a $500 civil forfeiture and court costs. However, its judgments fail to address, even elliptically, appellant's petition for attorney's fees. Appellee argues appellant's counsel, at a status conference, communicated to appellee's counsel and the court that no attorney's fees were (or would be) incurred because he is a full-time employee of the union representing appellant as an employee. There is no evidence in the record which would confirm appellee's contention. In essence, without some record documentation indicating appellant's counsel had no fees, appellee's allegation cannot be accepted as a basis for denying appellant a vested right to a statutory remedy.
 {¶ 21} Appellant had a statutory right to reasonable attorney's fees unless the court, in its discretion, determined such fees were not reasonable pursuant the factors set forth under R.C. 121.22(I)(2)(a)(i) and (ii). Appellant moved the court for an award of these fees in her complaint; in her October 27, 2006 motion for summary judgment; *Page 8 
and later, in her February 22, 2007 post-judgment motion for attorney's fees. Notwithstanding these various requests, the court did not directly rule on this issue. As a result, we are compelled to reverse and remand this matter to the trial court for the limited purpose of addressing the issue of attorney's fees. If appellant's counsel represented to the court (and appellee's counsel) that no fees would be assessed for his representation, the trial court's judgment entry should so reflect. Or, alternatively, if the court believed attorney's fees are not reasonable, it is obligated to make findings under R.C. 121.22(I)(2)(a)(i) and (ii) thereby statutorily justifying such a conclusion. Appellant's argument therefore has merit.
 {¶ 22} Next, appellant asserts the trial court erred in awarding her only $500 because, in her view, she is entitled to that amount multiplied by 20 (the total violations reported), i.e., $10,000. In support of her position, appellant cites Manogg v. Stickle (Mar. 15, 1999), 5th Dist. No. 98CA00102, 1999 Ohio App. LEXIS 1488 and Specht v.Finnegan, 149 Ohio App.3d 201, 2002-Ohio-4660.
 {¶ 23} In Manogg, the plaintiffs filed a complaint against their township trustees alleging violations of Ohio's Sunshine Law for preventing the attendees at a public meeting from knowing the nature of the business being conducted. As the law requires "official action" and "all deliberations upon official business only in open meetings[,]" the trial court ultimately issued a total of two injunctions and ordered two separate civil forfeitures of $500. On appeal, the Fifth Appellate District affirmed the issuance of the injunctions and imposition of the two forfeiture penalties. The court underscored that *Page 9 
"stacking" the penalties for the separate violations was necessary to deter public officials from running afoul of the statutory mandates. Id. at *5-*6.
 {¶ 24} In Specht, the plaintiffs filed a multi-count complaint alleging their township trustees violated Ohio's Public Records Act (R.C. 149.43) and Ohio's Sunshine Law. The trial court determined that the board violated R.C. 121.22 (1) when they deliberated outside an open meeting relating to the hiring of a new police chief, (2) in retaining legal counsel without a public meeting, and (3) on three occasions when the trustees locked the doors to the township hall during board meetings. The trial court accordingly awarded an injunction and imposed a $500 civil forfeiture for each of the five demonstrated violations. On appeal, the Sixth Appellate District affirmed the trial court's determinations holding that each action by the trustees was a "formal action" not open to the public and thus stood in violation of R.C.121.22. Id. at ¶ 30-35. The court further affirmed the trial court's decision to "stack" the $500 civil forfeiture penalties. QuotingManogg, the court held:
 {¶ 25} "To assess only one $500 civil forfeiture for repeated violations would do little to encourage compliance. Accordingly, we hold that the $500 civil forfeiture is applicable to each violation found.'" Id. at ¶ 39, quoting Manogg, supra, at *6.
 {¶ 26} Although they facially support appellant's position, we believeManogg and Specht are distinguishable from the instant matter.
 {¶ 27} Specifically, the violations discussed in Manogg andSpecht involved formal actions taken by trustees at multiple separate meetings closed to the public. As a result, the Fifth and Sixth Appellate Districts held that such conduct warranted the *Page 10 
imposition of multiple injunctions and the respective parties were entitled to multiple civil penalties. In contrast, the violation alleged in the instant case was appellee's "technical" failure to set forth the precise statutory reason for entering into executive session. Although appellee noted the purpose of going into executive session, i.e., to discuss "personnel" matters, the statute requires appellee to be more specific by denoting the precise type of "personnel" matters it would address, such as hiring, discipline, termination, etc. The evidence indicates there was no intent to conceal the overall purpose for entering executive session. Given the nature and quality of the violation, the trial court deemed that appellant's allegations warranted a single injunction. Although appellant properly alleged violations of R.C. 121.22(G)(1), these violations did not involve separate and distinct formal actions, i.e. "formal deliberations concerning the public business." Holeski, supra. The Second Appellate District has endorsed the foregoing distinction. Doran v. Northmont Bd of Ed., 2d Dist. No. 19956, 2003-Ohio-7097.
 {¶ 28} In Doran, the court declined to "stack" civil forfeiture penalties for some 15 "technical" violations of R.C. 121.22(F), the subsection requiring a public body to establish, by rule, a reasonable method of informing the public of meetings. In arriving at its conclusion, the court observed:
 {¶ 29} "* * * the Board does not dispute that it violated the first sentence of R.C. 121.221(F) by failing, by rule, to establish a reasonable method of giving the public notice of the time, place, and purpose of its meetings. We agree with the trial court's determination, however, that the Board's failure to adopt such [a] rule constituted a *Page 11 
single violation of the Sunshine Law, regardless of how long it lacked the rule or how many `open meetings' it conducted in the absence of a formal public-notice rule. As the trial court correctly observed, `it was the Board's failure to establish a rule, not the meetings that were conducted, which violated O.R.C. 121.22(F).' Given that the trial court previously had imposed the required sanctions for this violation, Doran was not entitled to additional statutory injunctions or civil forfeiture penalties." Doran, at ¶ 14.
 {¶ 30} Here, as in Doran, appellee was in violation of the statute due to its failure to fully specify its basis for entering executive session; however, appellant did not allege appellee stood in violation of R.C. 121.22 as a result of actions taken during executive session. In other words, no allegations were made and no evidence was offered indicating appellee acted improperly due to formal actions taken once it entered executive session. The only violation alleged involved appellee's failure to sufficiently elucidate the specific statutory purpose for entering executive session. In line with Doran, we therefore hold appellee's "technical" violation entitled appellant to only one statutory injunction and one civil forfeiture.
 {¶ 31} Accordingly, appellant's argument that she is entitled to a $10,000 civil forfeiture lacks merit.
 {¶ 32} Appellant's second assignment of error has merit regarding the issue of attorney's fees. Appellant's remaining arguments under that assigned error are overruled.
 {¶ 33} Appellant's first assignment of error queries:
 {¶ 34} "Whether this court has jurisdiction[?]" *Page 12 
 {¶ 35} Appellant argues that the trial court's January 31, 2007 judgment entry was not a final appealable order to the extent it did not dispose of all claims and did not affix the proper Civ.R. 54(B) language. Here, the judgment appealed by appellant was filed on April 4, 2007. Although the January 31, 2007 judgment entry is a part of the trial court record, it does not form the basis for the instant appeal. The trial court's April 4, 2007 judgment was final and appealable. Accordingly, appellant's argument is irrelevant and lacks merit.
 {¶ 36} Appellant's first assignment of error is overruled.
 {¶ 37} For the reasons discussed above, appellant's second assignment of error has merit as it relates to the issue of attorney's fees; in all other respects, her second assignment of error as well as her first assignment of error are without merit. Therefore, the decision of the Geauga County Court of Common Pleas is hereby affirmed in part, reversed in part, and the matter remanded for further proceedings consistent with this opinion.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Appellant asserted she was entitled to a $500 civil forfeiture pursuant to the statute for each individual violation. As she alleged 20 total alleged violations, she prayed for $10,000 total relief.
[2] Appellant fails to formally assert any "assignments of error" in contravention of App.R. 16(A)(3) and Loc.R. 16(C)(1); although such an error is not insignificant, see Loc.R. 16(E), we shall construe appellant's "issues" for review as assignments of error.
[3] Although not a substantive decision or formal action, R.C.121.22(G) statutorily requires a public body to specify its reasons for entering executive session. Without this disclosure, the decision-making processes of the public body would not be fully "open," i.e., citizens would have no access to the thematic substance of the issues to be entertained during executive session thereby undermining the statute's general policy requiring governmental transparency. See, e.g., Comment, A Healthy Tan is Better than Sunburn: Ohio's "Sunshine Law" and Nonpublic Collective Inquiry Sessions (2005), 34 Cap. U. L. Rev. 251 (discussing, inter alia, the fundamental policies undergirding R.C.121.22). *Page 1