[Cite as *Ashtabula Cty. Bd. of Health v. Soltis*, 2016-Ohio-8423.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| BOARD OF HEALTH FOR THE ASHTABULA COUNTY GENERAL HEALTH DISTRICT, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2016-A-0032** |
| | : | |
| - vs - | : | |
| | : | |
| JACK SOLTIS, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0089.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Catherine R. Colgan,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*William P. Bobulsky,* William P. Bobulsky Co., L.P.A., 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Board of Health for the Ashtabula County General Health District ("the District"), appeals the judgment of the Ashtabula County Court of Common Pleas, following a bench trial, in favor of appellees, Jack Soltis and his late wife Carol Soltis, on the District's complaint for injunctive relief and abatement of nuisance. At issue is whether Mr. Soltis is in violation of Ohio regulations by using a garage on his

property as a dwelling without an approved household sewage disposal system, approved plumbing, or an approved private water system. For the reasons that follow, we affirm.

{¶2} On February 12, 2015, the District filed a complaint for injunctive relief and abatement of nuisance against appellees. The District alleged that appellees own a parcel of property in North Kingsville, Ohio on which they have built a garage that is being used as a dwelling with a home sewage system, water, and plumbing, none of which were approved by the District. The District alleged these failures violate OAC 3701-29-17(B) (requiring an approved household sewage system); Section 313 of the Ohio Plumbing Code (requiring an approved plumbing system); and OAC 3701-28-03(A) (requiring a permit for a private water system). The District further alleged that by failing to comply with these regulations, appellees had violated a valid order issued by the District requiring them to comply with these requirements. The District prayed for an injunction requiring appellees (1) to comply with the foregoing order and (2) to abate a nuisance on appellees' property.

{¶3} Appellees filed an answer, denying the material allegations of the complaint. The case went to trial before the court.

{¶4} Randy Barnes, the District's Director of Environmental Health, testified that, in response to a phone call he received from the village zoning inspector, he inspected the subject property on October 20, 2014. The property is a five-acre parcel on which is located a 30' x 30' garage, which is across the street from another parcel of property owned by appellees on which their home is located. Mr. Barnes said he saw a large amount of garbage by the road and behind the garage. He said there was a "burn

2

pile" behind the garage. He also said the garage was wired for electricity. In addition, he saw household-type garbage, such as wrappers, cans, and "fresh" food waste outside the garage. Based on this evidence, Mr. Barnes testified it appeared the garage was being used as a residence.

{¶5} Mr. Barnes said he returned to the property on November 3, 2014, and met appellee, Jack Soltis. Mr. Soltis told him the septic tank was installed on the property in 1977; that plumbing was installed and a new lid was placed on the septic tank in 1990; and that "his son was in and out" of the garage and sometimes "stays" there.

{¶6} Mr. Barnes said he asked for permission to inspect the inside of the garage, but Mr. Soltis refused. Mr. Barnes said the sewage system was thus difficult to see and he could not get a good idea of what was actually there. Mr. Barnes said the basis of appellees' home sewage, plumbing, and private water system violations is that the District has no record that these systems were ever approved. Mr. Barnes said that because he did not find any such record, the District assumes the sewage system was never approved. Thus, when work was done on the systems in 1990, as Mr. Soltis admitted, it was not done in compliance with the regulations.

{¶7} Mr. Barnes said that on November 4, 2014, he and Mr. Soltis discussed how he could bring the property into compliance. Mr. Barnes told him that, if the property was to be used as a residence, he would have to get a zoning permit to use the garage as a dwelling. Then, he would need a sewage permit for a residential sewage system, a private water system permit for their water supply, and a plumbing

3

permit.  Thereafter, the sewage system, water supply system, and plumbing would have to be inspected and approved by the District.

{¶8}   Mr. Barnes told Mr. Soltis that if he did not want to use the garage as a residence, the plumbing, water supply, and sewage system are illegal since the District has no records the systems were ever approved.  Thus, the septic tank would need to be abandoned, the plumbing fixtures removed, and the pipes capped so they could not be used to support a dwelling.

{¶9}   Mr. Barnes said that on November 14, 2014, the District issued an order in the form of a letter to appellees outlining alleged home sewage system, private water system, and plumbing violations.  The letter stated the District had determined appellees were allowing the garage on their property to be used as a dwelling.  The letter summarized the November 4, 2014 meeting at which appellees were informed they had to vacate the use of the garage as a dwelling or convert the garage to a dwelling that meets health and building codes.  The letter explained what the District would require to assure the garage was not being used as a dwelling and what would be necessary to use it as a dwelling.  Finally, the letter ordered appellees to install approved home sewage, plumbing, and private water systems by December 2, 2014.  Mr. Barnes said appellees did not comply with the regulations and thus are in violation of the District's order.

{¶10}  Mr. Soltis testified he bought the subject lot in 1990.  He said the septic system was installed on the property in 1976 and he has no permits for it.  He said he built the garage on the property in 1991, and he connected the garage to the existing

4

septic system in late 1991. He said he "assumed" the contractor who connected the garage to the septic system had taken care of any necessary permits.

{¶11} During the trial, the parties agreed there is presently no nuisance on the subject property. However, aside from the District's prayer for an injunction to abate the nuisance, the District also prayed for an injunction requiring appellees to come into compliance with the District's November 14, 2014 order.

{¶12} The court entered judgment in favor of appellees and against the District on the complaint for injunctive relief and abatement of nuisance. In support, the court found "[t]here is no evidence of any factual observations by Mr. Barnes warranting his conclusion that it appeared the garage was being used as a residence." Further, the court found the board failed to prove by clear and convincing evidence that the existing septic system does not comply with the applicable health department regulations.

{¶13} The District appeals the court's judgment, asserting two assignments of error. For its first, it alleges:

{¶14} "The trial court committed reversible error in denying the Ashtabula County Health Department's request for injunctive relief based upon its judgment that plaintiff failed to meet its burden of proof by clear and convincing evidence that the garage/barn was being occupied as a dwelling."

{¶15} As a preliminary matter, Mr. Soltis argues on appeal that, in light of the parties' agreement there is no nuisance on the property, there is no basis for the complaint. However, the District *also* sought enforcement of its regulations. Moreover, the trial court found that the District was acting on its general authority in the interest of

5

the public health to seek compliance with its regulations, and appellees do not challenge this finding.

{¶16} The District alleged in its complaint that appellees are using the garage on their property as a dwelling and that, because they do not have an approved household sewage system, an approved private water system, and approved plumbing for the garage, they are in violation of the District's November 14, 2014 order and the applicable regulations. Thus, the District was required to prove Mr. Soltis was using the garage as a dwelling.

{¶17} It is well settled that in an action for an injunction, the plaintiff must prove his case by clear and convincing evidence. *Franklin Cty. Dist. Bd. Of Health v. Paxson*, 152 Ohio App.3d 193, 202, 2003-Ohio-1331, ¶25 (10th Dist.). Clear and convincing evidence has been defined by the Ohio Supreme Court in *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954), as follows:

> {¶18} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.

{¶19} The appellate standard of review regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. *Paxson, supra*, at ¶24, citing *Perkins v. Quaker City*, 165 Ohio St. 120, 125 (1956). The term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24. Thus, where the court's judgment is supported by the record, the judgment will not be an abuse of discretion.

6

**{¶20}** The District challenges the trial court's finding that it did not prove by clear and convincing evidence that he is using his garage as a dwelling. First, the District challenges the trial court's finding that there was "no evidence of any factual observations by Mr. Barnes warranting his conclusion that it appeared the garage was being used as a residence." As noted above, Mr. Barnes said that he saw a large amount of garbage by the street and behind the garage and that the garage has electricity. While Mr. Barnes obviously presented testimony regarding his factual observations of the property, the court found that his observations did not warrant his conclusion that the garage was being used as a residence.

**{¶21}** In addition to Mr. Barnes' observations, Mr. Barnes testified that Mr. Soltis said his son sometimes "stays" at the garage. However, no testimony was presented concerning what Mr. Soltis meant by the term "stay."

**{¶22}** Further, the District did not present the type of evidence commonly used to prove residence. For example, there was no evidence of witness observations of anyone spending their days and/or nights at the garage; parking their vehicle overnight or for an extended period of time there; utility bills being sent to the address; or someone using the address as his own. In any event, the court as the trier of fact was entitled to decide, as it obviously did, that the record did not support a finding that the District proved the garage was being used as a dwelling by clear and convincing evidence. Based on our limited standard of review, we cannot say the court abused its discretion in doing so.

**{¶23}** The District's first assignment of error is overruled.

**{¶24}** For his second assignment of error, the District alleges:

7

{¶25} "The trial court committed reversible error in denying the Ashtabula County Health Department's request for injunctive relief based upon its judgment that plaintiff failed to meet its burden of proof by clear and convincing evidence that the existing septic system does not comply with applicable health department regulations."

{¶26} In view of our holding that the trial court did not abuse its discretion in finding the District did not prove appellees were using their garage as a dwelling, the District's second assignment of error is moot. Since the complaint was premised on appellees' alleged use of the garage as a dwelling and the trial court found the District did not prove that allegation, appellees were not required to comply with the regulations for a dwelling that require an approved home sewage treatment system, an approved plumbing system, or an approved water system. However, in order to provide guidance to the parties in the event the issues presented here should once again be the subject of litigation, we make certain observations regarding the evidence necessary to prove whether a permit was issued for appellees' sewage system.

{¶27} The trial court noted that Mr. Barnes testified appellees' sewage system was not an approved system because he did not find any record that the District ever approved the septic system. The court concluded that in a complaint for statutory injunction, there is no presumption that the defendant property owner has failed to apply for proper permits. Further, the court concluded that Mr. Barnes' testimony that he could not find a record that appellees' system was approved does not amount to clear and convincing evidence.

{¶28} However, it is important to note that Mr. Barnes also testified that in the 1940s, regulations were enacted in Ashtabula County requiring property owners to

8

apply for and obtain permits for sewage disposal systems. He said the District has copies of all such permits on file issued in Ashtabula County since the 1940s. Moreover, Mr. Barnes testified he searched the county's files and was unable to find any records showing that appellees' sewage system on the subject property was ever inspected or issued a permit. He testified that because the District has no record of there being any permits issued for this property, the District assumes the sewage system was never inspected or approved by the county.

{¶29} Pertinent to this discussion is Evid.R. 803(10), which provides:

{¶30} The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

{¶31} **Absence of public record or entry.** To prove the absence of a record * * * or the nonoccurrence or nonexistence of a matter of which a record * * * was regularly made and preserved by a public office or agency, evidence in the form of * * * testimony that diligent search failed to disclose the record * * *.

{¶32} The District's second assignment of error is overruled as moot.

{¶33} For the reasons stated in this opinion, the assignments of error are overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur in judgment only.

9