[Cite as *Ames v. Rootstown Twp. Bd. of Trustees*, 2021-Ohio-1369.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| BRIAN M. AMES, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-P-0063** |
| ROOTSTOWN TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00410.

Judgment: Affirmed in part, reversed in part, and remanded.


*Brian M. Ames,* pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Plaintiff-Appellant).

*James F. Mathews, Andrea K. Ziarko,* and *Jacob Ethan Reed,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendant-Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Brian M. Ames, appeals the August 19, 2020 judgment of the Portage County Court of Common Pleas entering, inter alia, summary judgment in Mr. Ames' favor. For the reasons discussed herein, the judgment is affirmed in part, reversed in part, and remanded.

{¶2} In 2017, Mr. Ames filed a complaint against appellee, the Rootstown Township Board of Trustees ("Board"), alleging 16 violations of the Ohio Open Meetings Act, R.C. 121.22 ("OMA"). Each party moved for summary judgment. The trial court granted the Board's motion, and Mr. Ames appealed to this court. In *Ames v. Rootstown Twp. Bd. of Trustees*, 11th Dist. Portage No. 2019-P-0019, 2019-Ohio-5412, appeal not allowed, 158 Ohio St.3d 1522, 2020-Ohio-3018 ("*Ames I*"), this court affirmed in part, reversed in part, and remanded for further proceedings.

{¶3} Specifically, this court found that the Board violated the OMA in two separate ways: First, on six dates in 2015, the Board entered into executive session to discuss matters with their attorney that they believed were covered by attorney-client privilege. We held that R.C. 121.22(G)(5) was not a catch-all provision that applied whenever a public body conferred with its counsel during executive session, reasoning "'"[i]f [this] were so, there would have been no need for the legislature to include R.C. 121.22(G)(3).'"" *Ames I, supra,* at ¶41, quoting *State ex rel. Hardin v. Clermont Cty. Bd. of Elections,* 12th Dist. Clermont Nos. CA2011-05-045, CA2011-06-047, 2012-Ohio-2569, ¶78. Second, this court found that the Board violated the OMA on eight dates in 2016 by entering into executive session to discuss economic development but failed to specify that the requirements of both subsections (a) and (b) of R.C. 121.22(G)(8) were met.

{¶4} Ultimately, this court found that "as there were no outstanding issues of material fact, the trial court should have denied the Board's motion for summary judgment, granted Mr. Ames' motion and issued an injunction or injunctions against the Board." *Ames I, supra,* at ¶80. We remanded the matter to the trial court "to issue the injunction or injunctions, consistent with this opinion, and for a determination of the

2

attorney's fees, court costs, and civil forfeitures, if any, to which Mr. Ames is entitled." *Id.* at ¶86.

{¶5} On remand, the trial court: entered summary judgment for Mr. Ames; granted an injunction against the Board; and awarded Mr. Ames $500.00 as a civil forfeiture and $1,000.00 in reduced attorney's fees. In so ordering, the court found that the Board violated the OMA on February 9, 2016, March 8, 2016, April 12, 2016, May 10, 2016, May 24, 2016, June 14, 2016, June 28, 2016, and September 13, 2016, but found the violations "technical" in nature. It also found that the Board's violations were not substantial, egregious, or made in bad faith.

{¶6} Mr. Ames now appeals that judgment, assigning seven errors for our review. "The appellate standard of review regarding the granting of an injunction by a trial court is whether the trial court abused its discretion." *Ashtabula Cty. Bd. of Health v. Soltis*, 11th Dist. Ashtabula No. 2016-A-0032, 2016-Ohio-8423, ¶19, citing *Franklin Cty. Dist. Bd. of Health v. Paxson*, 152 Ohio App.3d 193, 2003-Ohio-1331 (10th Dist.). The term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

{¶7} For clarity and ease of disposition, we will address some assignments of error together or out of chronological order. His seventh assignment of error states:

> {¶8} The trial court erred by finding that the Defendant violated the Open Meetings Act on only February 9, 2016, March 8, 2016, April 12, 2016, May 10, 2016, May 24, 2016, June 14, 2016, June 28, 2016, and September 13, 2016 contrary to the opinion of this Court in *Ames v. Rootstown Twp. Bd. of Trustees,* 2019-Ohio-5412.

{¶9} Under this assignment of error, Mr. Ames argues the trial court erred by failing to find violations on May 4, 2015, August 11, 2015, September 22, 2015, October

3

13, 2015, November 24, 2015, and December 8, 2015, pursuant to this court's findings in *Ames I.* The Board argues that this was a harmless scriveners' error and that the result, one injunction, a single civil forfeiture, and reduced attorney's fees, would remain the same. We disagree with the Board's assertion.

{¶10} In *Ames I,* this court determined that the Board violated the OMA in two ways: in 2015, it met in executive session with its counsel for reasons this court subsequently determined were not exceptions within the OMA; and in 2016, the Board's minutes failed to properly reflect the full reason for entering into executive session pursuant to subsections (a) and (b) of R.C. 121.22(G)(8). The trial court's injunction addresses only one of these errors. It reads in its entirety: "The Defendant, Rootstown Township Board of Trustees, is enjoined from conducting business in violation of R.C. 121.22(G)(8)(a)."

{¶11} Contrary to the Board's arguments, nothing in the Judgment Entry indicates the court merely forgot to list certain 2015 dates; instead, in light of the limited nature of the injunction, it appears more likely the trial court overlooked the 2015 violations altogether. As the trial court did not issue an injunction or injunctions enjoining the Board from the errors it committed at the 2015 meetings, we cannot agree the outcome would necessarily be the same.

{¶12} Thus, we find the trial court's injunction is insufficient only insofar as it does not address the 2015 violations, and remand the matter back to the trial court for further consideration of the 2015 violations, and the appropriate related injunction or injunctions and remedies.

{¶13} Accordingly, Mr. Ames' seventh assignment of error has merit.

{¶14} His first assignment of error states:

4

{¶15} The trial court erred by issuing an ineffective injunction that does not meet the statutory mandate of R.C. 121.22(I)(1).

{¶16} Under this assignment of error, Mr. Ames argues the trial court's injunction is ineffective in compelling the Board to cease the violations that it committed in 2016, and requests that this court remand the matter for the trial court to reword their injunction.

{¶17} As stated above, the trial court's injunction prohibits the Board from "conducting business in violation of R.C. 121.22(G)(8)(a)." This is the provision this court found the Board to be in violation of in 2016. Thus, if the Board continues the same actions as they did in 2016 that this court determined violated the OMA, they will be in violation of the injunction. We cannot agree that the trial court abused its discretion in issuing this injunction.

{¶18} However, as discussed under his seventh assignment of error, this language does not enjoin the Board from violating the OMA as it did in 2015 by entering into executive sessions to conduct business with its counsel. Thus, insofar as the injunction does not prohibit the type of violation that occurred in 2015, as discussed under his seventh assignment of error, it is insufficient.

{¶19} Accordingly, Mr. Ames' first assignment of error has partial merit.

{¶20} His fourth and fifth assignments of error state:

{¶21} [4.] The trial court erred by finding that violations are "technical" in nature contrary to the opinion of this Court in *Ames v. Rootstown Twp. Bd. of Trustees,* 2019-Ohio-5412.

{¶22} [5.] The trial court erred by finding that the Board's violations were not substantial or egregious and were not made in bad faith contrary to the opinion of this Court in *Ames v. Rootstown Twp. Bd. of Trustees,* 2019-Ohio-5412.

5

{¶23} Under his fourth assignment of error, Mr. Ames argues the court erred in finding the violations to be "technical" in nature, noting that this court in *Ames I* did not deem the errors technical. Likewise, under his fifth assignment of error, Mr. Ames argues that because this court did not deem the violations to be substantial or egregious or in bad faith, the trial court erred by finding that they were not. We limit our answer to the trial court's findings in regard to the 2016 violations, as it did not address the 2015 violations.

{¶24} As this court stated in *Ames I*, "'the general rule is that "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred."'" *Id.* at ¶86, quoting *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, ¶45 quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). "The point at which the error occurred in the instant case is in the grant of the Board's motion for summary judgment and the denial of Mr. Ames' motion on Counts I, III, IV, V, VI, VII, VIII, IX, XI, XII, XIII, XIV, XV, and XVI." *Ames I, supra,* at ¶86. The determinations of whether the violation was technical, substantial, egregious, or made in bad faith must necessarily occur after that point. Thus, the fact that this court did not deem the violations technical, substantial, egregious, or in bad faith is entirely inconsequential. This determination was properly left to the discretion of the trial court.

{¶25} Furthermore, we find no error in the trial court's determination that the violations were technical and not substantial, egregious, or made in bad faith. In *Wiesbarth v. Geauga Park Dist.,* 11th Dist. Geauga No. 2007-G-2780, 2007-Ohio-6728, this court deemed a similar error, the failure to state precise statutory language for entering into executive session, to be technical and not substantial, egregious, or made in bad faith. *Id.* at ¶30. Moreover, there is no indication that the Board was trying to

6

hide the reason for entering into executive session or took improper actions during the executive session. The Board attested that it believed it was acting in compliance with the OMA; the issues raised by Mr. Ames had not been previously addressed by this court and thus, the Board had no prior precedent on which to make its decisions. It appears to have made the decision in good faith, with the best information it had available to it at the time. Thus, we cannot agree that the trial court erred by determining the 2016 violations were technical, and not substantial, egregious, or made in bad faith.

{¶26} Accordingly, Mr. Ames' fourth and fifth assignments of error are without merit.

{¶27} His second and third assignments of error are related and will be addressed together. They state:

{¶28} [2.] The trial court erred by failing to issue an injunction for each proven violation of R.C. 121.22.

{¶29} [3.] The trial court erred when it failed to order the Board to pay a civil forfeiture of five hundred dollars to Mr. Ames for each proven violation.

{¶30} As above, we limit our answer to the trial court's findings in regard to the 2016 violations, as it did not address the 2015 violations.

{¶31} The OMA states, in pertinent part:

{¶32} Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions. R.C. 121.22(I)(1).

{¶33} Under these assignments of error, Mr. Ames argues the OMA mandates an injunction for each violation, and that he is entitled to a corresponding $500 civil forfeiture for each violation. Specifically, Mr. Ames argues that the lawmakers provided

7

no exception for multiple violations, asserting that by failing to issue an injunction on each violation, the trial court effectively added the words, "'unless another violation is proven in the same action.'" We disagree with Mr. Ames' position.

{¶34} "On its face, R.C. 121.22(I) requires a trial court to issue an injunction and a $500 forfeiture for a violation of the OMA. The statute makes these remedies mandatory, not permissive." *Maddox v. Greene Cty. Children Servs. Bd. of Dirs.,* 2d Dist. Greene No. 2013-CA-38, 2014-Ohio-2312, ¶41, citing *Vermilion Teachers' Assn. v. Vermilion Local School Dist. Bd. of Edn.*, 98 Ohio App.3d 524, 532 (6th Dist.1994) ("Once a violation of the Sunshine Law is found, the remedy provisions of R.C. 121.22(I) are mandatory[.]"). "The question is whether a trial court may, or even must, impose multiple $500 forfeitures for repeated violations." *Maddox, supra.*

{¶35} This court addressed this question in *Weisbarth, supra,* and found that the trial court in that case did not err in issuing a single injunction when the violations were technical in nature and did not involve an intent to conceal the overall purpose of the meeting or create distinct formal actions. *Id.* at ¶27. *Accord Maddox, supra,* at ¶46-47. We here reiterate our holding that when multiple technical violations are of the same nature, the remedy is one injunction and one $500 civil forfeiture, not $500 per violation. In other words, the violations do not "stack." *Weisbarth, supra*; *Maddox, supra.* This holding is in line with the overarching purpose of the issuance of an injunction: "'to prevent a future injury, not to redress past wrongs.'" *Byers DiPaola Castle, L.L.C. v. Portage Cty. Commrs.*, 11th Dist. Portage No. 2014-P-0047, 2015-Ohio-3089, ¶67, quoting *Lemley v. Stevenson*, 104 Ohio App.3d 126, 136 (6th Dist.1995). *See also Miller v. Miller*, 11th Dist. Trumbull No. 2004-T-0150, 2005-Ohio-5120, ¶16.

{¶36} Accordingly, we cannot agree that the trial court erred by only issuing one injunction and civil remedy for the 2016, as the violations were all of the same technical nature. Mr. Ames' second and third assignments of error are without merit.

{¶37} His sixth assignment of error states:

{¶38} The trial court erred by reducing the award of attorney fees to Mr. Ames without making the determination required by R.C. 121.22(I)(2)(a).

{¶39} Under this assignment of error, Mr. Ames argues, without citing authority, that the Board has the obligation to prove each and every element of both R.C. 121.22(I)(2)(a)(i) and (ii). He also faults the court for failing to expressly make the determination set forth in R.C. 121.22(I)(2)(a). Thus, he argues, the trial court could not reduce his attorney's fees.

{¶40} R.C. 121.22(I)(2)(a) states:

{¶41} If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, *in its discretion*, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party *if the court determines* both of the following:

{¶42} (i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;

{¶43} (ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct. (Emphasis added.)

9

{¶44} Contrary to Mr. Ames' argument, the statute expressly leaves the determination to award or reduce attorney's fees to the trial court's discretion and makes it clear that it is for the court to determine the requirements are met. Thus, the burden is not on the Board to prove the elements. Nor does the statute require the court to expressly state its rationale.

{¶45} Under the circumstances, we discern no abuse of discretion in the trial court's decision to reduce Mr. Ames' attorney's fees. This decision is supported by the trial court findings that the errors were technical in nature, and were not substantial, egregious, or made in bad faith, as discussed above. Furthermore, the record supports the court's implicit finding that the Board's belief was reasonable based on the ordinary application of statutory and case law as it existed at the time of the violation, and that the Board reasonably believed that the conduct would serve the public policy of the OMA.

{¶46} Accordingly, Mr. Ames' sixth assignment of error is without merit.

{¶47} For the reasons stated herein, the judgment of the Portage County Court of Common Pleas is reversed in part and remanded for the trial court to issue an injunction or injunctions, consistent with this opinion and *Ames I,* related to the violations that occurred May 4, 2015, August 11, 2015, September 22, 2015, October 13, 2015, November 24, 2015, and December 8, 2015, and for a determination of the attorney's fees, court costs, and civil forfeitures, if any, to which Mr. Ames is entitled. The judgment is affirmed in all other respects.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.