[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Smith,* Slip Opinion No. 2016-Ohio-5449.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5449

THE STATE EX REL. BATES *v.* SMITH.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Smith,* Slip Opinion No. 2016-Ohio-5449.]

*Quo warranto—Declaration of office of township trustee as vacant and appointment of respondent to that office violated R.C. 503.241 and Open Meetings Act, R.C. 121.22—Writ granted.*

(No. 2016-0134—Submitted May 31, 2016—Decided August 23, 2016.)

IN QUO WARRANTO.

_____

**Per Curiam.**

{¶ 1} We issue a peremptory writ of quo warranto to relator, Lucas County Prosecuting Attorney, Julia R. Bates, removing respondent, D. Hilarion Smith, as Spencer Township trustee and confirming Shawn Valentine's right to that office. Two trustees unlawfully voted to declare the third trustee office vacant, even though the third trustee was on active military service.  The trustees unlawfully appointed

Smith to that trustee position in a meeting that violated the Open Meetings Act, R.C. 121.22.

*Facts*

{¶ 2} In November 2013, Shawn Valentine was elected trustee of Spencer Township in Lucas County, with a term beginning January 1, 2014, and ending December 31, 2017. Valentine also serves in the Ohio Army National Guard, and in the spring of 2015, he was notified that he would be deployed for active military service.

{¶ 3} In June 2015, Valentine gave verbal notice of his upcoming deployment to the other township trustees, who at that time were Michael Hood and Smith. He told the other trustees that he did not intend to resign his position as trustee, but to maintain it as provided in R.C. 503.241. Valentine also attended a board meeting in September 3, 2015, four days before his deployment to Fort Bliss, Texas. During that meeting, Hood acknowledged Valentine's military deployment and requested prayers from the township residents for Valentine's safety.

{¶ 4} On the roll call for the September 17, 2015 board meeting, Valentine was listed as "absent." At the next five board meetings, which occurred on October 1, November 5, November 19, December 16, and December 30, 2015, Valentine was listed on the roll call as on "military leave."

{¶ 5} At the November 2015 election for township trustee, Teresa M. Bettinger defeated Smith, so his term was scheduled to end December 31, 2015. At the December 30 meeting of the township trustees, Hood presented a petition from residents requesting Valentine's resignation "for lack of performance and lack of providing information about [his] absence to the [c]ommunity." Smith read three resolutions that he said he intended to present to the prosecuting attorney: one seeking Valentine's resignation, one seeking the suspension of further per diem payments to Valentine pending an opinion from the prosecutor on the issue of "double dipping," and one seeking official information from the United States

2

Armed Forces regarding the length and location of Valentine's deployment. The meeting adjourned at 11:15 a.m., without any announcement of either an emergency or an emergency meeting. Later that day, the board posted a paper notice on the township-hall door of an "emergency meeting" of the board to be held on December 31, 2015, at 11:00 a.m.

{¶ 6} At the December 31 meeting, Smith and Hood voted to declare Valentine's office vacant under R.C. 503.241. Because Valentine had never verified his deployment with documentation, Smith and Hood concluded that Valentine had been absent from the township for more than the 90 days permitted by the statute for nonmilitary absences. Hood and Smith then appointed Smith to take Valentine's trustee position on January 1, 2016. Smith asked the fiscal officer to tell Valentine to surrender all township equipment, including keys.

{¶ 7} Valentine has never renounced his claim to office and has continued to serve on active duty with the Army. He was, at the time of this complaint in quo warranto, stationed in Guantanamo Bay, Cuba.

{¶ 8} Bates filed this complaint on two bases: (1) that Smith's claim to the title of Spencer Township trustee violates R.C. 503.241, which prohibits the involuntary removal of a township trustee for absenteeism while the trustee is in active military service, and (2) that Smith's appointment as trustee was invalid because the December 31 meeting at which the appointment took place violated the 24-hour public-meeting notice requirement of R.C. 121.22(F). Bates requests a writ declaring that Smith be barred from exercising the powers of the office of township trustee and from receiving any compensation for that office, and that Valentine is the rightful holder of that position. She also requests that the court award her the costs of this action, as authorized by R.C. 2733.14.

{¶ 9} Although Smith was served with the summons and complaint on January 30, 2016, he failed to file an answer or other response.

3

*Analysis*

**{¶ 10}** Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 8, citing *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15. Moreover, " '[t]o be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by [the] respondent and that [the] relator is entitled to the office.' " *Id.*, quoting *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23.

**{¶ 11}** A petition for a writ of quo warranto may also be brought by the attorney general or a prosecuting attorney. R.C. 2733.05. As Lucas County prosecuting attorney, Bates has standing to bring this action in quo warranto. "Judgment may be rendered on the right of the defendant, and also on the right of the person averred to be so entitled, or only upon the right of the defendant, as justice requires." R.C. 2733.08.

**{¶ 12}** For two reasons, we agree that Smith is unlawfully holding the office of township trustee and that Valentine is entitled to that office. First, the position of Spencer Township trustee was not vacant. R.C. 503.241 provides that when a township officer is absent from the township for 90 days, the office is deemed vacant. However, the statute explicitly excepts active military duty from that provision:

> Whenever any township officer * * * is absent from the township for ninety consecutive days, * * * his office shall be deemed vacant and the board of township trustees shall declare a vacancy to exist in such office.
>
> * * *

> *This section shall not apply to a township officer while in the*
> *active military service of the United States.*

(Emphasis added.)  *Id.*  This section does not require notice to the township by the active military service member.  Nevertheless, the board minutes show that the township trustees knew that Valentine was absent due to active military service. Regardless of notice, under R.C. 503.241, Valentine's office was unlawfully deemed vacant.  Smith has usurped the title and authority of that office.

{¶ 13} Second, the declaration of vacancy and the appointment of Smith are without legal effect because they were made at a meeting held in violation of Ohio's Open Meetings Act, R.C. 121.22.  The statute states:

> (F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.  A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, *except in the event of an emergency requiring immediate official action*.  In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting.

(Emphasis added.)  R.C. 121.22(F).  Smith and Hood held the December 31 meeting after giving less than 24 hours' notice by placing a paper notice of an "emergency meeting" on the township-hall door.

{¶ 14} The phrase "immediate official action" is not defined in the statute, and public bodies have considerable discretion to determine what constitutes an

emergency. *See, e.g., Wolf v. E. Liverpool School Dist. Bd. of Edn.*, 7th Dist. Columbiana No. 03 CO 5, 2004-Ohio-2479, ¶ 39-46. "A common dictionary definition of 'emergency' is, 'an unexpected situation or sudden occurrence of a serious and urgent nature that demands immediate attention.' " *Id*. at ¶ 40, quoting *American Heritage Dictionary* 448 (2d College Ed.1922). However, a public body cannot "call[] an emergency session as a pretext for avoiding public scrutiny of their actions." *Id.* at ¶ 46.

{¶ 15} In this case, the December 30, 2015 trustees' meeting ended at 11:15 a.m., with no suggestion in the minutes of any emergency, let alone one that would compel another meeting in less than 24 hours.

{¶ 16} R.C. 121.22(H) prescribes invalidation of any action taken at a meeting that does not comply with the Open Meetings Act: "A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section."

{¶ 17} The actions taken at the December 31 meeting, including the declaration of a vacancy on the board and the appointment of Smith, are invalid acts because the meeting did not comply with the Open Meetings Act.

*Conclusion*

{¶ 18} Under the plain language of R.C. 503.241, Valentine's office of township trustee should not have been declared vacant, and Smith has usurped the title and authority of that office. In addition, the board of township trustees violated the Open Meetings Act when it held an invalid "emergency" meeting on December 31, 2015.

{¶ 19} We therefore issue a peremptory writ of quo warranto declaring that Smith is barred from exercising the powers and office of Spencer Township trustee and from receiving compensation for that office and that any actions he has taken as trustee since January 1, 2016, are invalid. Shawn Valentine is the rightful holder of the position of Spencer Township trustee, and he is therefore entitled to exercise

the powers of that office and to receive compensation in compliance with laws addressing townships in R.C. Chapter 503.

{¶ 20} Costs are taxed to respondent.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett and Elaine B. Szuch, Assistant Prosecuting Attorneys, for relator.

_____