[Cite as *State ex rel Ames. v. Portage Cty. Bd. of Commrs.*, 2017-Ohio-4237.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


STATE OF OHIO ex rel.      :     **O P I N I O N**
BRIAN M. AMES,
     :

         Relator-Appellant,      :     **CASE NO. 2016-P-0057**

     :

    - vs -
     :

PORTAGE COUNTY BOARD OF
COMMISSIONERS, et al.,      :

         Respondents-Appellees.      :


Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2015 CV 00958.

Judgment: Affirmed.


*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents-Appellees).


TIMOTHY P. CANNON, J.

{¶1} Relator-appellant, State of Ohio ex rel. Brian M. Ames ("Mr. Ames"), appeals from a decision rendered by the Portage County Court of Common Pleas granting summary judgment in favor of respondents-appellees, the Portage County Board of Commissioners and its three commissioners: Maureen T. Frederick, Kathleen

Chandler, and Vickie A. Kline (collectively, "the Board"). For the reasons that follow, the trial court's judgment is affirmed.

**Facts and Procedural History**

{¶2} This case originated in November 2015. On February 2, 2016, upon order of the trial court, Mr. Ames filed a pro se "Amended Verified Complaint in Mandamus, Injunction and Declaratory Judgment" against the Board, alleging six counts in violation of R.C. 121.22, Ohio's Open Meetings Act. The essence of Mr. Ames' complaint is that the Board held four separate meetings on November 4, 2015; the Board called one of those meetings as an "emergency meeting" when there was no emergency; the Board did not give proper notice of one of those meetings; the Board discussed matters not disclosed in the notices that were given; and the Board failed to keep full and accurate minutes of each meeting. Mr. Ames attached copies of four public notices that had been published in the Ravenna Record Courier. The authenticity and content of these notices are not disputed. They are summarized as follows:

- On October 23, 2015, the Board published notice of cancelling its regularly scheduled meetings for November and December 2015.

- Also on October 23, 2015, the Board published notice of a Special Meeting on November 4, 2015, at 11:00 a.m. The noticed purpose of the Special Meeting was "to meet in an Executive Session to discuss details relative to the security arrangements and emergency response protocols for a public body or a public office.

- On October 25, 2015, the Board published notice of Special Meetings "to review the Fiscal Year 2016 budgets with Elected Officials and Department Heads" on three separate days: November 2, from 8:00 a.m. to 4:30 p.m.; November 3, from 1:30 p.m. to 4:30 p.m.; and November 4, from 10:00 a.m. to 10:30 a.m.

2

- On November 4, 2015, the Board published notice of a Special Emergency Meeting on November 4, 2015, beginning at 9:30 a.m. The stated purpose of this Special Emergency Meeting was "to meet with the Portage Park District to discuss the Hiram Hike and Bike Trail and to conduct Budget meetings as previously advertised."

{¶3} The Board filed an answer, denying it had violated any provisions of R.C. 121.22.

{¶4} Mr. Ames filed a motion for summary judgment, asserting no genuine issue as to any material fact alleged in his complaint remained to be litigated. He stated only one set of minutes exist for November 4, 2015, but four separate meetings were held that day. He attached a copy of the minutes to his motion. The "material facts" he says cannot be disputed are as follows:

{¶5} The first meeting was the Special Emergency Meeting at 9:30 a.m., for which notice was published in the Record Courier that same day. Because there was no actual emergency, it should not have been called as an emergency meeting; notice was therefore required to be given more than 24 hours in advance. The Board also held an improper executive session because it was not related to the purpose of the Special Emergency Meeting.

{¶6} The second meeting was the Special Meeting from 10:00 to 10:30 a.m., for which notice was published on October 25, 2015. The purpose of this meeting was to discuss the 2016 budget.

{¶7} The third meeting was the Special Meeting at 11:00 a.m., for which notice was published on October 23, 2015. The purpose of this meeting was to discuss security and emergency protocols.

**{¶8}** The fourth meeting commenced at 1:16 p.m. Mr. Ames stated the minutes do not reflect a proper closing of any of the three earlier meetings; the recess occurred at the end of the third meeting, the purpose of which was to discuss security; the fourth meeting exceeded the scope and purpose of the third meeting; thus, a reasonable person would have concluded that the fourth meeting was a new meeting, not a continuation. Notice was not published for this fourth meeting.

**{¶9}** The Board responded in opposition and filed its own motion for summary judgment. The Board asserted no genuine issue existed as to the following material facts: only one meeting was held on November 4, 2015; three separate notices were issued regarding the time, place, and purposes for that one meeting; and the minutes of that one meeting accurately reflect that those purposes were discussed. The Board further asserted there was no issue of law regarding the propriety of its emergency meeting.

**{¶10}** Attached to the Board's motion was an affidavit of Amy Hutchinson, the Board's Clerk, who averred the following, in relevant part:

> 7. In November 2015, two (2) of the three (3) members of the Board of Portage County Commissioners were unavailable for meetings.
>
> 8. One (1) commissioner was unavailable or available on a limited basis for medical reasons from November 9, 2015 through November 23, 2015.
>
> 9. One (1) commissioner was out of the Country from November 10, 2015 through December 1, 2015.
>
> 10. * * *
>
> 11. The next scheduled Board meeting after October 30, 2015, was Tuesday, November 3, 2015.

4

12. At the request of the Board of Commissioners, on November 3, 2015, I sent an email transmission to the Ravenna Record Courier and other news media outlets with notification of a meeting of the Board set for November 4, 2015 for the purpose of a discussion with the Portage Park District regarding the Hiram Hike and Bike Trail and budget discussions.

13. A true and accurate copy of the minutes of the Portage County Board of Commissioners' November 4, 2015 meeting is attached hereto as Exhibit D.

{¶11} The minutes from November 4, 2015, indicate the following, as summarized:

- 9:38 a.m.: A meeting commenced, at which time the Board met with Director Chris Craycroft to discuss Phase II of the Hiram Hike and Bike Trail. The Board agreed to ask the county engineer to send correspondence withdrawing sponsorship for Phase II.

- 9:52 a.m.: The Board moved into executive session, pursuant to R.C. 121.22(G)(1), "to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual."

- 10:08 a.m.: The Board moved out of executive session, took no action, and discussed the 2016 budget with county officials and department heads.

- 11:05 a.m.: The Board moved back into executive session, pursuant to R.C. 121.22(G)(6), this time with certain county officials and directors present, "to discuss details relative to the security arrangements and emergency response protocols for a public body or a public office."

- 11:46 a.m.: The Board moved out of executive session, took no action, and recessed.

- 1:16 p.m.: The Board reconvened and further discussed the 2016 budget with county officials and department heads.

- 2:14 p.m.: The Board adjourned.

{¶12} Mr. Ames filed a response in opposition to the Board's motion for summary judgment.

{¶13} On September 12, 2016, the trial court issued a judgment entry granting the Board's motion for summary judgment and denying Mr. Ames' motion for summary judgment. The trial court held the following:

> In the instant matter, there are no facts in dispute. There was a single Board of Commissioners meeting on November 4, 2015. As this was a Wednesday, it was not a regularly scheduled meeting of the Board. Proper notice to the news media was provided on October 23, 2015, and on October 25, 2015. Notice was also made to various news media outlets on November 3, 2015. The written minutes of the November 4, 2015 meeting confirm that only the purposes stated in those notices were discussed by the Board.
>
> Nor are there issues of law. Relator contends there was no real emergency. However, emergency notice to the news media was the discretionary decision of the Board of Commissioners as a legislative body. * * * Relator also claims that the executive session held in the morning at the November 4, 2015 meeting was inappropriate. However, Relator has also admitted that the morning's executive session was not related to the purposes of the emergency meeting. A public body may not hold an executive session in an emergency meeting. Executive session is only proper at a regular or special meeting. As the executive session was not related to the emergency purpose of the November 4, 2015 meeting, it was held in accordance with the requirements of [R.C. 121.22].
>
> Relator is not entitled to Summary Judgment. There were not three or four different meetings on November 4, 2015. There was a single Board of Commissioner meeting on that day. Appropriate notice was given to the news media on three occasions. Back to back meetings held on the same day by the same public body constitute parts of and a continuation of the same meeting. * * * As the clear and precise meeting minutes reflect, the Board's discussions on November 4, 2015, coincide with those purposes provided in their notices. And as the morning executive session had nothing to do with and was unrelated to the emergency purpose of the meeting, as Relator concisely states in his Amended Complaint at 22, the Portage County Board of Commissioners did

6

not violate [R.C. 121.22] on November 4, 2015. [Citations to the record omitted.]

{¶14} Mr. Ames appealed from this decision and assigns five errors for our review challenging the trial court's decision denying his motion for summary judgment and granting summary judgment in favor of the Board.

**Summary Judgment Standard**

{¶15} "While summary judgment is a beneficial procedure aiding in the swift administration of justice, it must also 'be used cautiously and with the utmost care so that a litigant's right to a trial * * * is not usurped in the presence of conflicting facts and inferences.'" *Fifth Third Mtge. Co. v. Perry*, 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, ¶35, quoting *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 15 (6th Dist.1983). Summary judgment is only proper when:

> (1) No genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶16} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id.* at

7

293. If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.*

> When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Rather, all doubts and questions must be resolved in the non-moving party's favor. Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn.

*McCarthy v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0050, 2015-Ohio-955, ¶7, citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992); and *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36.

{¶17} On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**Ohio's Open Meetings Act (R.C. 121.22)**

{¶18} Purpose. The purpose of Ohio's Open Meetings Act "is to assure accountability of elected officials by prohibiting their secret deliberations on public issues." *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.*, 1st Dist. Hamilton No. C-010605, 2002 WL 727023, *1 (Apr. 26, 2002), citing *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544 (1996). The Act "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law." R.C. 121.22(A).

8

**{¶19}** Meetings. "All meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). A "public body" includes a board of commissioners. R.C. 121.22(B)(1)(a). The term "meeting" means "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2). There are two types of meetings addressed by the statute: regular and special. All meetings other than regular meetings are special meetings. *Katterhenrich v. Fed. Hocking Local School Dist. Bd. of Edn.*, 121 Ohio App.3d 579, 587 (4th Dist.1997), citing 1988 Ohio Atty.Gen.Ops. No. 88-029; *see also Jones v. Brookfield Twp. Trustees*, 11th Dist. Trumbull No. 92-T-4692, 1995 WL 411842, *6 (June 30, 1995) ("the term 'special meeting' was only intended to refer to those meetings which were not regularly scheduled").

**{¶20}** Notice. "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings." R.C. 121.22(F). "A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting." *Id.*

**{¶21}** Executive Session. "Except as provided in divisions (G)(8) and (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the

9

consideration of any of the following matters [enumerated in (G)(1)-(8)]." R.C. 121.22(G).

**{¶22}** <u>Minutes</u>. "The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section." R.C. 121.22(C).

**{¶23}** <u>Enforcement</u>. "Any person may bring an action to enforce this section * * * within two years after the date of the alleged violation or threatened violation." R.C. 121.22(I)(1). "Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions." *Id.*

**Number of Meetings Held on November 4, 2015**

**{¶24}** Under his first assignment of error, Mr. Ames asserts the trial court erred by concluding that only one meeting was held on November 4, 2015:

> The trial court committed reversible error by granting summary judgment in favor [of] the Portage County Board of Commissioners and denying summary judgment in favor of Relator Brian M. Ames as to Counts II and IV, Failure to Keep Full and Accurate Minutes of a Meeting, by concluding that there was a single Board of Commissioners meeting on November 4, 2015, failing to reach the argument that a separate set of meeting minutes was required for each meeting for which notice was given.

**{¶25}** The Board cancelled all of its regular meetings scheduled for the months of November and December 2015 in a public notice issued on October 23, 2015. That same day, the Board issued a separate public notice of a Special Meeting to be held on November 4, 2015. The purpose of that Special Meeting was to meet in executive session to discuss details relative to the security arrangements and emergency

10

response protocols for a public body or a public office. On October 25, 2015, the Board issued another public notice that it would review fiscal year 2016 budgets with elected officials and department heads at Special Meetings to be held on November 2, 3, and 4, 2015. On November 4, 2015, this discussion was to take place at 10:00 – 10:30 a.m.

{¶26} On the afternoon of November 3, 2015, the Board's clerk emailed a public notice to various local media outlets of a Special Emergency Meeting to be held on November 4, 2015, at 9:30 a.m. The Record Courier published this notice the morning of November 4, 2015. It stated, "[t]he purpose of this Special Emergency Meeting is to meet with the Portage Park District to discuss the Hiram Hike and Bike Trail and to conduct Budget meetings as previously advertised."

{¶27} On November 4, 2015, the Board convened the Special Meeting at 9:38 a.m. and discussed the Hiram Hike and Bike Trail. The emergency nature of the need for this discussion on this date was explained in the affidavit of the Board's clerk. At 9:52 a.m., the Board moved into executive session to discuss a personnel matter, pursuant to R.C. 121.22(G)(1). At 10:08 a.m., the Board moved out of executive session and began the 2016 budget discussion with certain county officials. At 11:05 a.m., the Board moved into executive session to discuss security arrangements and emergency response protocols, pursuant to R.C. 121.22(G)(6). The Board then moved out of executive session and recessed at 11:46 a.m. Upon reconvening at 1:16 p.m., they remained in public session and continued discussing the 2016 budget with other county officials.

{¶28} The minutes from November 4, 2015, indicate the meeting was not adjourned in between each separate discussion. Rather, the Board moved seamlessly

11

between each topic, or moved in and out of executive session, and recessed once for a lunch break. The Board's actions reflect an attempt to comply with the time schedule for the separate purposes of the Special Meeting, of which they had given timely public notice. The first topic that morning was an emergency matter, which was an additional purpose for the Special Meeting, but it was not a separate meeting. The Board did not adjourn at the end of the morning budget discussion. Rather, they moved into executive session at the time noticed for doing so. The fact that the budget discussion was not completed at that time, and the fact that it continued after a recess for lunch, does not equate to the afternoon session being a separate meeting.

{¶29} There is no factual question remaining to be litigated on the issue of how many meetings were held on November 4, 2015; only one meeting with multiple purposes was held.

{¶30} Mr. Ames' first assignment of error is without merit.

{¶31} Under his third and fourth assignments of error, Mr. Ames' asserts the trial court erred by not reaching the questions of whether full and accurate minutes were kept for four separate meetings and whether proper notice was given for four separate meetings.

> [3.] The trial court committed reversible error in granting summary judgment in favor [of] the Portage County Board of Commissioners and denying summary judgment in favor of Relator Brian M. Ames as to Count V, Failure to Give Notice of a Special Meeting, by concluding that there was a single Board of Commissioners meeting on November 4, 2015, failing to reach the argument that a fourth meeting was held for which notice was not given[.]
>
> [4.] The trial court committed reversible error in granting summary judgment in favor [of] the Portage County Board of Commissioners and denying summary judgment in favor of Relator Brian M. Ames as to Count V by concluding that there was a single Board of

12

Commissioners meeting on November 4, 2015, failing to reach the argument that a fourth meeting was held for which full and accurate meeting minutes were not kept[.]

{¶32} Mr. Ames' third and fourth assignments of error are rendered moot by our decision under his first assignment of error.

**The Emergency Session**

{¶33} Mr. Ames' fifth assignment of error states:

The trial court committed reversible error in granting summary judgment in favor [of] the Portage County Board of Commissioners and denying summary judgment in favor of Relator Brian M. Ames as to Count I, Holding an Emergency Meeting with No Immediate Official Action Required, by misstating Relator's allegation as "Relator contends there was no real emergency," when Ames actually alleges "[o]n Wednesday, November 4, 2015 at 9:30am the Board held an emergency meeting in the absence of an emergency requiring immediate official action, thereby violating R.C. 121.22(F)" and failing to find that no immediate official action was required for the emergency meeting[.]

{¶34} Mr. Ames first argues the trial court erred by substituting "a fictitious allegation for the actual allegation made" in his amended complaint.

{¶35} In Count I of his amended complaint, Mr. Ames asserted that "[o]n Wednesday, November 4, 2015 at 9:30am the Board held an emergency meeting in the absence of an emergency requiring immediate official action, thereby violating R.C. 121.22(F)." The trial court's judgment entry rephrased this as a contention that "there was no real emergency." The trial court's characterization of appellant's allegation was neither inaccurate nor fictitious. This argument is not well taken.

{¶36} Mr. Ames next asserts that the Board violated R.C. 121.22 because no immediate official action was taken as a result of the emergency session of the Special

13

Meeting. He argues that because no official action was taken, there was no emergency to justify the less than 24 hours' notice given to the public.

**{¶37}** "A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, *except in the event of an emergency requiring immediate official action.*" R.C. 121.22(F) (emphasis added). "The phrase 'immediate official action' is not defined in the statute, and public bodies have considerable discretion to determine what constitutes an emergency." *State ex rel. Bates v. Smith*, 147 Ohio St.3d 322, 2016-Ohio-5449, ¶14, citing *Wolf v. E. Liverpool School Dist. Bd. of Edn.*, 7th Dist. Columbiana No. 03 CO 5, 2004-Ohio-2479, ¶46.

**{¶38}** There is no dispute that the minutes from November 4, 2015, reflect the emergency discussion regarding the Hiram Hike and Bike Trail was held from 9:38 a.m. to 9:52 a.m. with Park District Director Chris Craycroft. Adding this topic to the agenda on an emergency basis was reasonable given the explanation of the difficulty the Board was going to have in getting a quorum for the remainder of the calendar year. With regard to this topic, the minutes state, "[t]he Board agreed to ask County Engineer Marozzi to send correspondence to AMATS withdrawing sponsorship for Phase II of the Hiram Hike and Bike Trail."

**{¶39}** We need not reach the question of whether this constitutes "official action," as we do not find any support for the assertion that an emergency session is invalid under R.C. 121.22(F) where a public body decides not to take official action at the close of the session. The decision not to take action is sometimes the best one and certainly not contrary to the purpose and intent of the statute. There is no factual

14

question remaining to be litigated on the issue of whether an emergency existed that required "immediate official action."

{¶40} Mr. Ames' fifth assignment of error is without merit.

**The First Executive Session**

{¶41} Under his second assignment of error, Mr. Ames asserts the trial court erred by concluding the first executive session was proper because it was unrelated to the purpose of the emergency session held during the Special Meeting:

> The trial court committed reversible error by granting summary judgment in favor [of] the Portage County Board of Commissioners and denying summary judgment in favor of Relator Brian M. Ames as to Count III, Discussing Matter Not Disclosed In Notice, concluding that as the morning executive session had nothing to do with and was unrelated to the purpose of the emergency meeting, R.C. 121.22 was not violated.

{¶42} Without any legal or analytical context, the trial court held the following: "A public body may not hold an executive session in an emergency meeting. Executive session is only proper at a regular or special meeting. As the executive session was not related to the emergency purpose of the November 4, 2015 meeting, it was held in accordance with the requirements of [R.C. 121.22.]" This holding is somewhat problematic. First, the trial court held there was no genuine issue of fact regarding how many meetings were held on November 4, 2015: there was only one meeting, thus the emergency session was not a separate meeting. Applying the same standard as the trial court, we arrived at the same conclusion. Thus, the emergency session was held at a Special Meeting for which emergency notice was given. Second, there is no law that states a public body may not hold an executive session in an "emergency meeting" or an emergency portion of a special meeting. The "emergency meeting" is a type of

special meeting. R.C. 121.22(G) states an executive session may only be held at a regular or special meeting. This does not mean that a public body cannot hold an executive session during a special meeting for which emergency notice was given; it means a public body cannot hold an executive session outside of a meeting, either regular or special. *See* R.C. 121.22(A) (stating the purpose of the Act is to "require public officials to take official action and to conduct all deliberations upon official business only in open meetings").

{¶43} Whether the first executive session was related to the emergency session, held during the Special Meeting, is therefore not relevant. The issue is whether the first executive session improperly exceeded the scope of the notices issued to the public regarding the purposes for the Special Meeting.

> {¶44} [T]he use of the term 'special meeting' implies that such a meeting can only be held when there are specific reasons for holding it. Given the existence of such a reason, it follows that the notice of a special meeting must refer to those specific reasons, and that those specific issues are the only ones which can be addressed at such a meeting.

*Jones*, *supra*, at \*6, citing R.C. 121.22(F). The only requirements for an executive session held during a special meeting are that (1) a majority of a quorum of the public body must determine to hold the executive session by a roll call vote and (2) only to consider any of the matters enumerated in (G)(1)-(8). R.C. 121.22(G).

{¶45} Here, notice was given for a special meeting, part of which included an emergency session to discuss the Hiram Hike and Bike Trail; notice was also given for the 2016 budget discussions; and notice was given for an afternoon executive session "to discuss details relative to the security arrangements and emergency response protocols for a public body or a public office." All three of these purposes were

16

discussed. The minutes also reflect that the morning executive session was held, pursuant to R.C. 121.22(G)(1), "to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual."

{¶46} Appellant argued in the trial court that this executive session exceeded the scope of the notices issued regarding the Special Meeting because it was "unrelated" to the purpose of the emergency session. Appellant provided no evidence in his motion for summary judgment from which such a conclusion could be drawn, nor did he meet his burden, in response to the Board's motion for summary judgment, to raise a genuine issue of fact on this issue. The minutes reflect the Board met the statutory requirements when it entered into executive session, and nothing more was required of the Board in its minutes.

{¶47} Appellant's second assignment of error is without merit.

## Conclusion

{¶48} The judgment of the Portage County Court of Common Pleas granting summary judgment in favor of the Board and against Mr. Ames is affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

17