[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-3178.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | CASE NOS. 2020-P-0088<br>2020-P-0089 |
| Relator-Appellant, | |
| - v - | Civil Appeals from the<br>Court of Common Pleas |
| PORTAGE COUNTY BOARD<br>OF COMMISSIONERS, | Trial Court Nos. 2016 CV 00582<br>2017 CV 00415 |
| Respondent-Appellee. | |

**O P I N I O N**

Decided: September 13, 2021
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor; *Timothy J. Piero* & *Christopher J. Meduri*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

MARY JANE TRAPP, P.J.

{¶1}  In this consolidated appeal, appellant, Brian M. Ames ("Mr. Ames"), appeals the judgments of the Portage County Court of Common Pleas granting summary judgment in his favor against appellee, the Portage County Board of Commissioners ("the board"); ordering the board to pay a civil forfeiture of $500 to Mr. Ames; and overruling Mr. Ames's motion for relief from judgment filed in a separate case.

{¶2} Mr. Ames asserts four assignments of error, contending that the trial court erred by (1) granting his motions for summary judgment "per directive" of this court when no such directive was made; (2) failing to consider his motions for summary judgment; (3) applying this court's decision in *Weisbarth v. Geauga Park Dist.*, 11th Dist. Geauga No. 2007-G-2780, 2007-Ohio-6728, to find a single, "technical" violation of the Open Meetings Act ("OMA") despite the board's alleged 130 violations; and (4) issuing a judgment entry overruling his motion for relief from judgment where there was no underlying judgment or motion.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) Mr. Ames has not demonstrated prejudice resulting from the trial court's alleged procedural errors since the trial court granted summary judgment in his favor. Despite the lack of prejudice, Mr. Ames has also not overcome the presumption of regularity of the trial court's proceedings based on the trial court's use of the term "directive" or the lack of detail in the judgment entry.

{¶5} (2) We decline Mr. Ames's invitation to overturn *Weisbarth*, as it represents binding precedent that this court has continued to apply in recent cases involving civil forfeitures for "technical" violations of the OMA.

{¶6} (3) It appears that the trial court erroneously filed on the dockets of the underlying cases a judgment entry overruling Mr. Ames's motion for relief from judgment in a separate case. Since this judgment entry appears to have no actual effect in the underlying cases, much less a prejudicial effect on Mr. Ames, the trial court's error is harmless.

2

{¶7} Thus, we affirm the judgments of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶8} This appeal involves two civil cases that Mr. Ames filed against the board alleging multiple violations of the OMA.

{¶9} In case no. 2016 CV 00582, Mr. Ames, pro se, filed an amended verified complaint alleging the board committed 55 violations and one threatened violation of the OMA by holding executive sessions pursuant to R.C. 121.22(G)(1) without stating which one or more of the approved purposes listed in the statute were the purposes for which the executive session was held.

{¶10} In case no. 2017 CV 00415, Mr. Ames, pro se, filed a verified complaint alleging that the board committed 75 additional violations and one threatened violation of the OMA based on the same factual and legal bases. Mr. Ames alleged that the board's practice prior to entering executive sessions for matters concerning personnel was to read from R.C. 121.22(G)(1) and reiterate the "laundry list" of possible matters set forth in the statute without specifying which of those purposes would be discussed.

{¶11} In both complaints, Mr. Ames sought a declaratory judgment that the board violated the OMA; an order to "permanently enjoin" the board "to comply" with the OMA; a $500 civil forfeiture for each violation and the threatened violations; an order that the board annotate the meeting minutes to reflect the approved purposes for each executive session; and court costs and reasonable attorney fees.

3

{¶12} In his amended complaint in case no. 2016 CV 00582, Mr. Ames sought an additional declaration that all actions resulting from executive sessions held in violation of R.C. 121.22 were invalid pursuant to R.C. 121.22(H).

{¶13} During the course of extensive pretrial proceedings,[1] the parties filed cross motions for summary judgment. The board admitted that it read from R.C. 121.22(G)(1) prior to entering the executive sessions referenced in Mr. Ames's complaints but contended that its practice complied with the OMA.

{¶14} The trial court issued judgment entries granting the board's motions for summary judgment and denying Mr. Ames's motions for summary judgment. The trial court determined that the board's practice did not violate the OMA and that it was entitled to judgment as a matter of law.

### Ames I and II

{¶15} Mr. Ames appealed both judgments. In *Ames I* and *II*, this court affirmed the trial court's judgments in part, reversed in part, and remanded for further proceedings.

{¶16} First, we determined that Mr. Ames's appeal with respect to count 55 in case no. 2016 CV 00582 was moot because it alleged the same violation as count 1 in case no. 2017 CV 00415. *Ames II* at ¶ 51.

{¶17} Second, we determined that the trial court did not err by granting summary judgment to the board on count 75 in case no. 2017 CV 00415 because it was barred by the doctrine of res judicata based on this court's prior decision in *State ex rel. Ames v.*

---

1. Summaries of these proceedings are set forth in our decisions in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3729, 144 N.E.3d 1010 (11th Dist.) ("*Ames I*"), and *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3730, 132 N.E.3d 729 (11th Dist.) ("*Ames II*").

Case Nos. 2020-P-0088, 2020-P-0089

*Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2016-P-0057, 2017-Ohio-4237. *See Ames I* at ¶ 40-47.

{¶18} Third, we determined that the trial court erred by granting summary judgment to the board on the remaining counts in both cases. *See Ames I* at ¶ 48-65; *Ames II* at ¶ 52-71. We found that the trial court erred in holding that the board necessarily stated an acceptable purpose under R.C. 121.22(G)(1) by reading the entire list of permissible purposes verbatim. The statute mandates that the board specifically state in its motions and votes the particular permitted purpose or purposes that the board reasonably intends to discuss during executive session. *Ames I* at ¶ 63; *Ames II* at ¶ 69. We acknowledged that "given the litigation history between Mr. Ames and the [b]oard, the [b]oard, in good faith sought to insulate itself from more litigation by erring on the side of inclusiveness." *Ames I* and *II* at ¶ 4. However, we stated that "for future meetings, the [b]oard must be more precise." *Id.*

{¶19} Finally, we determined that the trial court did not err by denying Mr. Ames's motions for summary judgment. *See Ames I* at ¶ 66-76; *Ames II* at ¶ 72-82. We explained that based on the record before us, the actual purpose or purposes that the board intended to discuss during each executive session was unclear. *Ames I* at ¶ 75; *Ames II* at ¶ 81. There was no evidence in the record demonstrating that the board did not reasonably intend to discuss all of the permissible purposes listed in the meeting minutes. *Id.*[2]

{¶20} Thus, we remanded both cases to the trial court for further proceedings. *Ames I* at ¶ 87; *Ames II* at ¶ 94.

---

2. We also affirmed the trial court's granting of protective orders in favor of the board. *See Ames I* at ¶ 77-86; *Ames II* at ¶ 83-93.

Case Nos. 2020-P-0088, 2020-P-0089

## *Post-remand Proceedings*

{¶21} The record reflects extensive proceedings following remand.

{¶22} Relevant to this appeal, Mr. Ames served requests for admission on the board that it "did not intend to discuss all of the permissible purposes listed in the meeting minutes" with respect to each executive session identified in his complaints. In response to each request, the board answered, "Admit. Though the Board considered (G)(1) matter(s), it didn't consider them all. Reading (G)(1) was meant to follow the law."

{¶23} In November 2019, Mr. Ames filed motions for summary judgment, attaching the board's answers to his requests for admission. The board filed a memorandum in opposition.

{¶24} In December 2019, this court issued its decision in *State ex rel. Ames. v. Brimfield Twp. Bd. of Trustees*, 2019-Ohio-4926, 149 N.E.3d 933 (11th Dist.) ("*Ames III*"). In that case, Mr. Ames filed a complaint against a township board of trustees, alleging that it violated the OMA by entering executive sessions for matters not permissible for non-public discussion under the exceptions in R.C. 121.22(G). *Id.* at ¶ 2. The sole basis for Mr. Ames's claims was the board's meeting minutes, which failed to detail the specific exception claimed for entering executive session. *Id.* This court held that "[t]he minutes must reflect each of the purposes for which the executive session was held in order for the public to discern whether the non-public meeting was properly excepted under the OMA. In other words, if it was entered pursuant to (G)(1), the minutes should generally reflect one or more of the eight purposes stated therein." *Id.* at ¶ 24.

{¶25} On March 18, 2020, the trial court held a hearing on Mr. Ames's motion for relief from judgment filed in a separate case involving the board (case no. 2018 CV

6

00283). The hearing transcript, which is part of the record of this appeal, indicates that Mr. Ames and the trial court engaged in some discussion regarding the pending issues in the underlying cases.

{¶26} Following the hearing, the trial court filed a judgment entry, which listed, in typeface, the case number for the separate case and, in handwriting, the case numbers for the underlying cases. The entry stated that the matter was before the trial court on Mr. Ames's motion for relief from judgment; the parties reached an agreement on the material issues of the case in the presence of the court on August 30, 2019; and Mr. Ames's motion for relief from judgment was overruled.

{¶27} Mr. Ames filed notices of appeal.[3] This court subsequently dismissed Mr. Ames's appeals in the underlying cases for lack of final appealable orders.[4]

{¶28} On September 9, 2020, the trial court issued a judgment entry granting Mr. Ames's motion for summary judgment, as follows:

{¶29} "The Relator's Motion for Summary Judgment is granted per directive of the Eleventh District Court of Appeals.

{¶30} "The Respondents are therefore enjoined from entering executive session without first specifically identifying the portion of R.C. 121.22(G) which justifies the motion. Further, the board minutes must reflect the specific purposes for which the executive

---

3. The record indicates that Mr. Ames also filed a motion to disqualify the trial court judge, which the trial court denied in case no. 2017 CV 00415; a motion to strike the hearing transcript, which the trial court did not expressly address; and an affidavit of disqualification with the Chief Justice of the Supreme Court of Ohio, which the Chief Justice denied. In addition, Mr. Ames filed a motion to strike the March 2020 hearing transcript from the record of his prior appeals, which we denied as moot, and from this appeal, which we denied.

4. The record indicates that during the pendency of the prior appeals, the trial court filed a judgment entry in case no. 2017 CV 00415 purporting to grant Mr. Ames's motion for summary judgment. Mr. Ames attached this judgment entry to his notices of appeal but has not referenced it in his assignments of error. Therefore, we do not address it.

7

session was held. (Also see: State of Ohio ex rel. Brian Ames v. Brimfield Board of Trustees 2019 WL 6464217. [sic]

{¶31} "The Court shall determine an award of fees for the technical violations of the Open Meetings Act. Hearing set for October 14, 2020 at 2:00 p.m."

{¶32} Both parties filed pre-hearing briefs. The trial court ultimately held a hearing on December 2, 2020, at which time it heard argument from the board's counsel and Mr. Ames.

{¶33} Following the hearing, the trial court filed a judgment entry ordering the board to pay a civil forfeiture of $500 to Mr. Ames and court costs. The trial court found that the board's failure to state the particular statutory purpose of entering executive session on multiple occasions constituted "technical violations" of the OMA, as there was "no indication in the record of improper deliberation." Therefore, the proper remedy "for a single technical violation" was one $500 fine and one injunction pursuant to this court's decision in *Weisbarth*, *supra*.

{¶34} Mr. Ames filed notices of appeal, which this court, sua sponte, consolidated. Mr. Ames presents the following four assignments of error:

{¶35} "[1.] The trial court erred by granting Relator's Motion for Summary Judgment 'per directive of the Eleventh District Court of Appeals' when no such directive was made.

{¶36} "[2.] The trial court erred by failing to consider Relator's Motions for Summary Judgment filed on November 18, 2019.

{¶37} "[3.] The trial court erred by applying *Weisbarth v. Geauga Park Dist.*, 2007-Ohio-6728 [sic] to these cases to find a single 'technical' violation for 130 counts.

8

**{¶38}** "[4.] The trial court erred by entering judgment overruling a motion for relief from judgment when a review of the trial court's docket does not demonstrate the filing of an underlying order or a Civ.R. 60(B) motion."

## Summary Judgment

**{¶39}** Mr. Ames's first and second assignments of error are interrelated, so we will consider them jointly.

**{¶40}** In his first assignment of error, Mr. Ames contends that the trial court erred by granting his motions for summary judgment "per directive" of this court when we made no such "directive." In his second assignment of error, Mr. Ames contends that the trial court erred by failing to consider his motions for summary judgment.

### *Standard of Review*

**{¶41}** This court reviews the grant or denial of summary judgment de novo. *Deluca v. Aurora*, 144 Ohio App.3d 501, 508, 760 N.E.2d 880 (11th Dist.2001). The trial court's decision is a part of the de novo review process, and its reasoning and analysis for granting summary judgment are subject to appellate review. *Covender v. State*, 9th Dist. Lorain No. 18CA011355, 2019-Ohio-3715, ¶ 8.

### *Civ.R. 56(C)*

**{¶42}** Although Mr. Ames has not cited any legal authority in support of his first and second assignments of errors, they implicate the trial court's compliance with Civ.R. 56(C). The Supreme Court of Ohio has held that "Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this

9

requirement constitutes reversible error." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992), syllabus.

{¶43} However, the court has also held that "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993). "A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals." *Id.*

### *Prejudice*

{¶44} As an initial matter, Mr. Ames has not asserted the existence of prejudice resulting from the trial court's alleged errors.

{¶45} Civ.R. 61 provides, in relevant part:

{¶46} "[N]o error or defect in any ruling or order or in anything done or omitted by the court * * * is ground * * * for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

{¶47} According to the Supreme Court of Ohio, "[i]t is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967). An error is not prejudicial if its avoidance would not have changed the result of the proceedings. *Goins v. Oliverio*, 9th Dist. Summit No. 25041, 2010-Ohio-3849, ¶ 10.

Case Nos. 2020-P-0088, 2020-P-0089

{¶48} For example, in *Murphy, supra*, the trial court informed the parties during a hearing on the defendants' motion for summary judgment that it had not read any of the evidence submitted in support of or in opposition to the defendants' motion, despite the existence of thousands of pages of deposition testimony in the record. *Id.* at 357, 359. Following oral argument from counsel, the trial court granted summary judgment in favor of all defendants, and the plaintiff appealed the trial court's adverse ruling. *Id.* The court of appeals found that the plaintiff was not prejudiced based on its independent consideration of the trial court's grant of summary judgment. *Id.* at 359-360. The Supreme Court of Ohio reversed, finding that the court of appeals' consideration could not cure the trial court's failure to examine the evidence. *Id.* at 360.

{¶49} Here, Mr. Ames seeks reversal of the trial court's judgment granting summary judgment *in his favor* on procedural grounds in order to obtain the same substantive result on remand. Therefore, even assuming, arguendo, that the trial court erred procedurally, Mr. Ames cannot establish resulting prejudice.

{¶50} Despite the lack of prejudice, however, we also find that Mr. Ames has not affirmatively established that the trial court erred.

### This Court's "Directive"

{¶51} Mr. Ames first contends that the trial court falsely stated in its judgment entry that this court "directed" it to grant his motions for summary judgment.

{¶52} As Mr. Ames correctly notes, this court in *Ames I* and *II* did not order the trial court to grant summary judgment to Mr. Ames. When considering the trial court's judgment entry in context, however, we disagree with Mr. Ames's interpretation.

11

{¶53} For instance, in *Ames I* and *II*, we determined that R.C. 121.22(G)(1) mandates that the board specifically state in its *motions and votes* the particular permitted purpose or purposes that the board reasonably intends to discuss during executive session. *Ames I* at ¶ 63*; Ames II* at ¶ 69. We remanded for further proceedings based on the existence of genuine issues of material fact, i.e., whether the board reasonably intended to discuss all of the permissible purposes listed in the meeting minutes.

{¶54} Following remand, Mr. Ames sought and obtained admissions from the board regarding these issues of fact. He then filed motions for summary judgment and attached the board's admissions in support.

{¶55} Shortly thereafter, this court issued its decision in *Ames III*, where we determined that a public body's *meeting minutes* must also reflect each of the purposes for which the executive session was held. *See id.* at ¶ 24.

{¶56} The trial court held a motion hearing in a separate case, which case also involved the board's practice prior to entering executive sessions. During the hearing, the trial court referenced this court's recent decisions as providing "direction" on the required procedures for executive session and as "establish[ing]" and clarify[ying]" the governing law.

{¶57} Several months later, the trial court filed its judgment entry granting Mr. Ames's motions for summary judgment "per directive" of this court. The trial court enjoined the board "from entering executive session without first specifically identifying the portion of R.C. 121.22(G) which justifies the motion" and stated that the board "must reflect the specific purposes for which executive session was held," expressly citing this court's decision in *Ames III*.

12

{¶58} The term "directive" means "something that serves to direct, guide, and usually impel toward an action or goal." Merriam-Webster, https://www.merriam-webster.com/dictionary/directive (accessed August 30, 2021). Our decisions in *Ames I, II*, and *III* certainly serve to "direct," "guide," and "impel" the lower courts in this district on the proper application of the OMA.

{¶59} Thus, we construe the trial court's use of the phrase "per directive of the Eleventh District Court of Appeals" in its judgment entry as referencing this court's decisions in *Ames I, II*, and *III*. We further construe the trial court's judgment entry as granting Mr. Ames's motions for summary judgment in accordance with this court's application of the OMA in those cases.

{¶60} Accordingly, Mr. Ames has not overcome the presumption of regularity of the trial court's proceedings based on the trial court's use of the term "directive" in its judgment entry.

### *The Trial Court's Consideration*

{¶61} Mr. Ames next contends that the trial court's judgment entry contains insufficient detail to create a presumption that it considered his motions for summary judgment. For instance, the judgment entry does not state that the trial court considered pending motions or pleadings and contains no findings of fact and conclusions of law regarding his 130 counts against the board.

{¶62} As indicated, this court presumes the regularity of the trial court's proceedings unless and until Mr. Ames affirmatively demonstrates otherwise by reference to the record. *See Hartt, supra*, at 7. Therefore, we presume the trial court properly considered Mr. Ames's motions despite the lack of an express statement.

13

{¶63} In addition, Mr. Ames has failed to cite any authority which stands for the proposition that a trial court is required to provide detailed analysis in a summary judgment. This court has held that a trial court is not required to make findings of fact in ruling on a motion for summary judgment. *Birmingham Assocs., LLC v. Strauss*, 11th Dist. Geauga No. 2012-G-3111, 2013-Ohio-4289, ¶ 24. Civ.R. 52 expressly states that "[f]indings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and *Rule 56*." (Emphasis added.)

{¶64} While Mr. Ames's complaints are lengthy and assert multiple counts, each count essentially alleges the same violation of the OMA. The only differences are the specific dates and times of each alleged violation. Since Mr. Ames's motions were pending before the trial court for nearly 10 months before being granted, the trial court had more than sufficient time to review Mr. Ames's voluminous pleadings and motions.

{¶65} Mr. Ames further contends that there is nothing in the record indicating that the trial court distinguished between the two different categories of the board's alleged OMA violations: (1) those involving the board's failure to identify in its motion and vote the specific exception in R.C. 121.22(G)(1) before entering executive session, and (2) those involving the board's discussion of matters during executive session that did not fall under a specific exception in R.C. 121.22(G)(1).

{¶66} Our review of Mr. Ames's complaints indicates that he never alleged the second category of violations. Each count alleges that the board "held an executive session pursuant to [R.C. 121.22(G)(1)] without stating which one or more of the approved purposes listed therein were the purposes for which the executive session was

14

held thereby violating [R.C. 121.22(G)(1)]."  Likewise, in his motions for summary judgment, Mr. Ames did not assert or purport to establish the second category.

{¶67}  Mr. Ames appears to have alleged a second category of violations for the first time during the December 2020 damages hearing, which was held after the trial court granted Mr. Ames's motions for summary judgment.  The board's counsel disputed Mr. Ames's allegations, and the trial court stated as follows:  "Well that's not even something that the Court's considering.  This case is closed.  * * * The only consideration here is whether the Court should impose separate fines for each one of these alleged violations. * * * That's the issue."

{¶68}  A party seeking summary judgment must disclose the basis for the motion and support the motion with evidence permitted by Civ.R. 56(C).  *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *see also* Civ.R. 7(B)(1) ("A motion * * * shall state with particularity the grounds therefor, and shall set forth the relief or order sought").  Since Mr. Ames did not state or support the second category of alleged violations in his motions, the trial court had no occasion to consider it on summary judgment.  Thus, it is not reasonable to expect the trial court to have addressed it in its judgment entry.

{¶69}  Finally, the trial court's reasoning on summary judgment should not be a great mystery to Mr. Ames.  *See Birmingham Assocs.* at ¶ 24.  In *Ames I* and *II*, we construed the applicable law and specifically identified the outstanding issues of fact.  Mr. Ames obtained admissions from the board on the very issues we identified and used them in support of his subsequent motions for summary judgment.  Thus, the trial court's granting of summary judgment to Mr. Ames was a wholly logical outcome based on the prior proceedings.

15

Case Nos. 2020-P-0088, 2020-P-0089

{¶70} Accordingly, Mr. Ames has not overcome the presumption of regularity of the trial court's proceedings based on the lack of detail in the trial court's judgment entry.

{¶71} Mr. Ames's first and second assignments of error are without merit.

## Technical Violations

{¶72} In his third assignment of error, Mr. Ames contends that the trial court erred in applying this court's decision in *Weisbarth*, *supra*, to find a single "technical" violation for the 130 counts asserted in Mr. Ames's complaints. In his sole issue presented for review, Mr. Ames requests that this court overturn *Weisbarth* as being based on a flawed application of decisions from the Second District Court of Appeals.

{¶73} This court's holding in *Weisbarth* represents binding precedent that this court has continued to apply in recent cases involving civil forfeitures for "technical" violations of the OMA. *See, e.g., Bode v. Concord Twp.*, 2019-Ohio-5062, 137 N.E.3d 1245, ¶ 103 (11th Dist.); *Ames v. Rootstown Twp. Bd. of Trustees*, 11th Dist. Portage No. 2020-P-0063, 2021-Ohio-1369, ¶ 35. The Second District has indicated its agreement with this court's conclusion in *Weisbarth*. *See Maddox v. Greene Cty. Children Servs. Bd. of Dirs.*, 2014-Ohio-2312, 12 N.E.3d 476, ¶ 45 (2d Dist.). Therefore, we decline Mr. Ames's invitation to overturn *Weisbarth*.

{¶74} Mr. Ames's third assignment of error is without merit.

## Relief From Judgment

{¶75} In his fourth and final assignment of error, Mr. Ames contends that the trial court erred by issuing a judgment entry overruling a motion for relief from judgment where there was no underlying judgment or motion.

**{¶76}** We typically review a trial court's judgment on a motion for relief from judgment for an abuse of discretion. *Am. Express Bank v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶ 11. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶77}** Civ.R. 60(B) authorizes a trial court, *"[o]n motion* and upon such terms as are just," to "relieve a party * * * *from a final judgment, order or proceeding*" for the reasons stated in subsections (1) through (5). (Emphasis added.)

**{¶78}** Here, the record does not reflect that Mr. Ames filed a Civ.R. 60(B) motion in the underlying cases or the existence of a corresponding "final judgment, order or proceeding" during that time period. Instead, it appears Mr. Ames filed a motion for relief from a final judgment in a separate case. During the hearing on that motion, the trial court addressed other cases Mr. Ames had pending before it, including the underlying cases, which we had remanded pursuant to *Ames I* and *II*. Following the hearing, the trial court filed a judgment entry overruling Mr. Ames's motion. For some reason, the case numbers for the underlying cases were handwritten on the judgment entry. Thus, the trial court's judgment entry erroneously appears on the dockets of the underlying cases.

**{¶79}** Given the trial court's subsequent disposition of the underlying cases in Mr. Ames's favor, this judgment entry appears to have no actual effect, much less a prejudicial effect on Mr. Ames. Therefore, we deem the trial court's error to be harmless pursuant to Civ.R. 61.

**{¶80}** Mr. Ames's fourth assignment of error is without merit.

17

{¶81} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case Nos. 2020-P-0088, 2020-P-0089